# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| **WILLIAM D. WARNER, AMBER LACY, RILEY LANGDON, WHITNEY PAIGE PUTNAM, STEPHEN KYLE VOSS** and **TODD WILLIFORD**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRINITY PETROLEUM MANAGEMENT, LLC, RIMROCK RESOURCE OPERATING, LLC, CONFLUENCE DJ, LLC, and VALIDUS ENERGY II MIDCON, LLC,**<br><br>Defendants. | Case No. 1:25-cv-00748-SKC-NRN<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW OF DEFENDANT TRINITY PETROLEUM MANAGEMENT

Joshua A. Mooney, Esquire
Kennedys CMK LLP
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Email: Joshua.Mooney@kennedyslaw.com

Daniel S. Marvin, Esquire
Kennedys CMK LLP
22 Vanderbilt Avenue, Suite 2400
New York, New York 10022
Email: Daniel.Marvin@kennedyslaw.com

*Counsel for Trinity Petroleum Management, LLC*

# **TABLE OF CONTENTS**

INTRODUCTION..................................................................................................................1

STATEMENT OF RELEVANT FACTS .............................................................................2

GOVERNING STANDARDS ..............................................................................................3

ARGUMENT ........................................................................................................................4

    I.     PLAINTIFFS LACK STANDING ......................................................................4

    II.    PLAINTIFFS FAIL TO ALLEGE A CLAIM UPON WHICH RELEIF MAY BE
          GRANTED .........................................................................................................8

        A.    The Negligence Claim Fails to Citer a Common Law Duty of Care...........8

        B.    The FTC Act Does Not Support a Negligence Per Se Claim.....................10

        C.    Plaintiffs Do Not Allege Facts to Support Their Contract Claims...........11

        D.    There is No Unjust Enrichment.................................................................12

        E.    Plaintiffs Do Not Allege Risk or Harm to Support Injunctive Relief .......13

CONCLUSION...................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)......................................................................................................9, 11

*Autotech Techs., LP v. Palmer Drives Controls & Sys., Inc.,*
  2020 WL 1974759 (D. Colo. Apr. 24, 2020)...................................................................13

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007).......................................................................................................4, 5

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.,*
  353 F. Supp. 3d 1070 (D. Colo. 2018)........................................................................10, 11

*Blood v. Labette C'nty Med. Ctr.,*
  2022 WL 11745549 (D. Kan. Oct. 20, 2022).........................................................6, 8, 13

*C.C. v. Med Data Incorporated,*
  2022 WL 970862 (D. Kan. Mar. 31, 2022) ...................................................................6, 7

*DCB Const. Co., Inc. v. Central City Development Co.,*
  965 P.2d 115 (Colo. 1998) .............................................................................................13

*Deevers,*
  2023 WL 6133181 ......................................................................................................5, 6, 9

*Doe by & through Doe v. Hunter,*
  796 F. App'x 532 (10th Cir. 2019) ...................................................................................5

*Gordon v. Chipotle Mexican Grill, Inc.,*
  2018 WL 3653173 (D. Colo. Aug. 1, 2018),
  *report and recommendation adopted in part, rejected in part,*
  344 F. Supp. 3d 1231 (D. Colo. 2018). .....................................................................10, 14

*Hummel v. Teijin Automotive Techs, Inc.,*
  2023 WL 6149059 (E.D. Mich. Sept. 20, 2023) ............................................................15

*In re Waste Mgmt. Data Breach Litig.,*
  2022 WL 561734 (S.D.N.Y. Feb. 24, 2022)....................................................................11

*Johnson v. Am. Honda Motor Co. Inc.,*
  2016 WL 3078995 (D. Colo. May 18, 2016)...................................................................12

*Keller v. Koca,*
  111 P.3d 445 (Colo. 2005) ...................................................................................10, 11

*Kluth v. Spurlock,*
  693 F. Supp. 3d 1133 (D. Colo. 2023),
  *opinion withdrawn in part on recon.,*
  2024 WL 1858502 (D. Colo. Apr. 29, 2024) ................................................................12

*Lopez v. Trujilo,*
  397 P.3d 370 (Colo. 2017) .........................................................................................10

*Maser v. CommonSpirit Health,*
  2024 WL 2863579 (D. Colo. Apr. 16, 2024) .........................................................6, 7, 9

*Merrill Lynch Bus. Fin., Servs., Inc. v. Nudell,*
  363 F.3d 1071 (10th Cir. 2004) ...................................................................................4

*Miller v. Crested Butte, LLC,*
  549 P.3d 228 (Colo. 2024) .........................................................................................11

*Owens-Brooks v. DISH Network Corp.,*
  2024 WL 4338133 (D. Colo. Aug. 23, 2024),
  *report and recommendation adopted,*
  2024 WL 4333660 (D. Colo. Sept. 27, 2024) ...................................................... passim

*Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.,*
  874 P.2d 1049 (Colo. 1994) ..................................................................................12, 13

*SELCO Community Credit Union v. Noodles & Co.,*
  267 F. Supp. 3d 1288 (D. Colo. 2017) .......................................................................12

*Spokeo Inc. v. Robins,*
  578 U.S. 330 (2016) .....................................................................................................5

*Stern v. Academy Mortg. Corp.,*
  2025 WL 239036 (D. Utah Jan. 17, 2025) ...................................................................6

*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149 (2014) .....................................................................................................5

*TransUnion LLC v. Ramirez,*
  594 U.S. 413 (2021) .....................................................................................................5

*Trujillo v. Denver Zoological Foundation, Inc.,*
  2005 WL 1699961 (D. Colo. 2005) .............................................................................13

*Winter v. Indus. Claim Appeals Off.*,
   321 P.3d 609 (Colo. Ct. App. 2013)................................................................................13

Statutes

28 U.S.C. § 2201(a)........................................................................................................14

Rules

Rule 12(b)(1) ....................................................................................................................3

Rule 12(b)(6) ....................................................................................................................3

## MEET & CONFER

On July 29, 2025 the parties conferred pursuant to Local Rule 7.1B(b) of the Court's Civil Practice Standards. Trinity advised that it intended to move to dismiss under Rules 12(b)(1) and 12(b)(6). Plaintiffs disagreed with Trinity's position, but reserved the right to choose to amend their complaint.

## INTRODUCTION

In October 2024, Trinity Petroleum Management, LLC suffered a criminal ransomware attack that involved potential exfiltration of personal identifiable information. Weeks after Trinity began notifying individuals of the event, Plaintiffs filed this lawsuit. Trinity now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Plaintiffs lack standing and do not allege a claim upon which relief may be granted. Trinity respectfully requests that its motion be granted.

**Rule 12(b)(1).** In the context of data breach litigation, the courts in this Circuit uniformly hold that a plaintiff must show actual misuse of their data to demonstrate a traceable injury in fact for purposes of standing. Here, five of the six Plaintiffs fail to allege an injury in fact. Instead, they allege only lost time investigating the breach, *anticipated* effort to mitigate future risk, and fear and anxiety. In this Circuit, such allegations do *not* satisfy the injury in fact requirement for standing.

The sixth Plaintiff alleges disputed 49¢ and 99¢ charges from Google to her Varo account. However, the incident involved neither her Varo account nor Google information. Nor does Plaintiff show how the data breach resulted in the disputed charges. This Court has dismissed similar claims for lack of traceable injury.

**Rule 12(b)(6).** Under *Twombly* and *Iqbal*, federal courts routinely dismiss claims devoid of factual allegations or which assert conclusory statements merely consistent with a defendant's liability. Here, Plaintiffs engage both pleading defects.

The negligence claim fails, as Colorado courts hold that there is no common law imposing a duty of care for data protection. Plaintiffs also fail to *allege any specific*

*factual negligent act or omission*. They employ an impermissible strict liability standard, contending that because Trinity was a victim of a crime, it breached a duty of care. Their negligence per se claim predicated upon the FTC Act fails because Plaintiffs are neither Trinity competitors nor consumers to invoke the statute's purpose to protect commerce.

Plaintiffs' breach of implied contract and third-party beneficiary contract claims fail because Plaintiffs do not allege facts showing a meeting of the minds or an intent to create a third-party benefit.

Finally, the unjust enrichment and injunctive relief claims should be dismissed. Plaintiffs do not factually allege a benefit conferred upon Trinity or that Trinity failed to provide the bargained for accounting services. Plaintiffs' declaratory relief claim is a hodgepodge that relies on fatally deficient claims and fails to allege how Trinity continues to place Plaintiffs' PII at risk.

## STATEMENT OF RELEVANT FACTS

In October 2024, Trinity suffered a criminal ransomware attack, involving personal identifiable information ("PII"). Consolidated Amended Complaint (CAC) ¶ 2. The PII *potentially* involved was persons' names and Social Security numbers (SSNs). *Id.* ¶¶ 29-34 n.8-13.

The CAC alleges that because of Trinity's inadequate cybersecurity measures and failure to comply with amorphous "industry standards," Trinity did not prevent a criminal organization from compromising its systems. *E.g.,* CAC ¶¶ 15-19. To show standing, five of the six named Plaintiffs – Warner, Langdon, Putnam, Voss, and Williford – depend upon future harm, alleging injury only from unspecified time spent

2

investigating the incident, alleging that "[t]his time has been lost forever and cannot be recaptured," unspecified time and money each plaintiff "*anticipates*" they will spend to mitigate risk, and "fear, anxiety, and stress." CAC ¶¶ 216-20, 235-38, 243-46, 251-54, 259-62. Plaintiff Lacy asserts the same bareboned allegations. *Id.* ¶¶ 225-27, 230. She also alleges that her risk "manifested" when she experienced "fraudulent transactions on her Varo debit card beginning on June 16, 2025" in the amounts "of 99 cents and 49 cents from Google[.]" CAC ¶¶ 228-29.

## GOVERNING STANDARDS

Under **Rule 12(b)(1)**, a party may move to dismiss for lack of subject matter jurisdiction based on a facial challenge (based on the complaint's allegations) or a factual challenge (presenting evidence outside of the complaint). *Owens-Brooks v. DISH Network Corp.*, 2024 WL 4338133, at *2 (D. Colo. Aug. 23, 2024), *report and recommendation adopted*, 2024 WL 4333660 (D. Colo. Sept. 27, 2024); *Merrill Lynch Bus. Fin., Servs., Inc. v. Nudell*, 363 F.3d 1071, 1074 (10th Cir. 2004)). When the challenge is facial, the same standards as Rule 12(b)(6) apply. *Owens-Brooks, supra*, at *2. When the challenge is factual, a court may not presume the truthfulness of the complaint's factual allegations. *Id.*

Under **Rule 12 (b)(6)**, a party may move to dismiss for failure to state a claim upon which relief may be granted. Allegations must be well-pleaded and raise a right to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, legal conclusions and conclusory allegations are not entitled to deference or assumption of truth. *Id.* at 6778-79, 80-81. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of' entitlement to relief." *Id.* at 678 (quoting *Twombly, supra*, at 557).

## ARGUMENT

### I.    PLAINTIFFS LACK STANDING

To show standing, a plaintiff must establish that he (1) suffered an injury in fact (2) that is fairly traceable to the conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016). An "injury in fact" must be *both* "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Alleged future harms must be "certainly impending" or at a "substantial risk ...[to] occur" to suffice as imminent for standing purposes. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *Deevers*, 2023 WL 6133181 at *4. "Allegations of possible future injury do not establish an injury in fact." *E.g., Doe by & through Doe v. Hunter*, 796 F. App'x 532, 536 (10th Cir. 2019).

In the context of data breaches – even those involving SSNs – this Court and its sister courts in this Circuit routinely dismiss actions for lack of standing where no actual misuse of plaintiffs' data has been alleged. *Owen-Brooks*, 2024 WL 4338133 at *9; *Maser v. CommonSpirit Health*, 2024 WL 2863579, at **6, 8 (D. Colo. Apr. 16, 2024) ("where plaintiffs have not alleged a substantial risk of future identity theft, the time

4

they spent protecting themselves against this speculative threat cannot create an injury"), *report and recommendation adopted*, 2024 WL 5484079 (D. Colo. Dec. 3, 2024); *Stern v. Academy Mortg. Corp.*, 2025 WL 239036, at \*4-5 (D. Utah Jan. 17, 2025) (dismissing case with SSNs and dates of birth where not actual misuse alleged).[1]

*Owen-Brooks*, a data breach decision rendered by this Court last year, is illustrative. In that case, defendant suffered a data breach including highly sensitive credit card and financial account information, and SSNs. 2024 WL 4338133 at \*1. While some plaintiffs alleged actual misuse of their data, others relied on allegations of time spent to mitigate risk and anxiety to establish injury in fact. *Id.* at \*9. Joining its sister courts in "predicting that the Tenth Circuit will *require* data breach plaintiffs to allege actual misuse of their stolen data in order to find that they have standing," this Court dismissed those plaintiffs for lack of standing. *Id.* at \*\*6, 9 (emphasis in original) (citations omitted). This Court explained:

> Of the eleven named Plaintiffs, two assert time spent, fear and anxiety, but they do not assert actual misuse of their personal information: Ms. Dougherty and Mr. Abraham. Because this court joins with its many sister courts who conclude that the Tenth Circuit will require actual misuse to find standing in data breach cases, Ms. Dougherty and Mr. Abraham's claims should be dismissed for lack of standing.

*Id.* at \*9.

Here, five of the six Plaintiffs do not allege actual misuse of their data.[2] Instead,

---

[1] *Blood v. Labette C'nty Med. Ctr.*, 2022 WL 11745549, at \*6-7 (D. Kan. Oct. 20, 2022) (dismissing claims with no actual misuse of stolen data); *Deevers*, 2023 WL 6133181 at \*6 (same); *C.C. v. Med Data Inc.,* 2022 WL 970862, at \*6 (D. Kan. Mar. 31, 2022) (same).
[2] They are Warner (CAC ¶¶ 216-20), Langdon (CAC ¶¶ 235-38), Putnam (CAC ¶¶ 243-46), Voss (CAC ¶¶251-54), and Williford (CAC ¶¶ 259-62).

they premise alleged injuries on a speculative belief that PII "*will end up* for sale on the dark web because that is the *modus operandi* of hackers or" that their PII " *may fall* into the hands of companies that will use it for targeted marketing." CAC ¶ 170 (emphasis added). They assert "there is a strong *probability* that" batches of PII "have been placed, or will be placed, on the black market/dark web for sale," and this "*may go undetected*" for years. *Id.* ¶¶ 145-46 (emphasis added).

From this rote speculation of "probable" harm, Plaintiffs' alleged injury is based on mitigation of that harm. Consistent with *Owen-Brooks* and other courts in this Circuit, these Plaintiffs should be dismissed for lack of standing. *Maser*, 2024 WL 2863579, at *6 ("merely alleging emotional distress and mitigation expenses – without alleging a substantial risk of future fraud – does not in itself satisfy the concrete injury requirement"); *C.C.*, 2022 WL 970862 at *8 ("while it may have been reasonable to take some steps to mitigate the risks associated with the data breach, those actions cannot create a concrete injury where there is no imminent threat of harm").

The sixth Plaintiff, Lacy, asserts that her risk "manifested" when she experienced "fraudulent [Google] transactions on her Varo debit card," requiring her to cancel her account and card. Even if these allegations constitute actual misuse, they do not establish standing because they do not show that the alleged fraud is traceable to Trinity's conduct. The CAC pleads that the Trinity data breach did not involve Lacy's Varo information – only her name and SSN. CAC ¶ 30 n.9. *Lacy does not even allege that she gave her Varo information to Trinity*. Therefore, the allegations do not meet traceability requirements. *Blood* is illustrative.

6

In *Blood*, defendant suffered a data breach involving both PHI and SSNs. *Blood*, 2022 WL 11745549 at *1-2. Plaintiffs alleged injury through fraudulent bank account charges, overdraft fees, and fraudulent tax filings. *Id.* The court dismissed for lack of standing, determining that such injury was not traceable to defendant's data breach because there was no alleged plausible way in which the SSNs and PHI could be used to perpetuate the alleged financial fraud.

> The Bloods have not alleged that someone gained access to their bank account number or debit card number(s) through the breach. They have not offered a plausible explanation for how someone accessed their existing bank account using the information stolen from Defendant. To assume someone could have done so with the allegedly stolen information (most of which is healthcare-related) requires a level of speculation and conjecture this Court is unwilling to accept.

*Id.* at *6. The court further explained "[w]ithout a plausible, non-speculative connection from the stolen information to the Bloods' existing bank account, the Bloods cannot show a substantial likelihood that Defendant's action caused their injury" to prevent dismissal for lack standing. *Id.* For the tax fraud, *Blood* reached the same conclusion. *Id.* at *6 ("Although their social security numbers may have been involved in both the tax submission and the data breach, the Bloods' allegations are conclusory and lack facts that might connect the actions.").

Here, Lacy does not allege a plausible explanation as to how disputed 49¢ and 99¢ Google charges are the result of the Trinity data breach. CAC ¶¶ 228-29. This failure is compounded by the facts that (i) Trinity did not collect her Varo account information and (ii) Lacy does not allege otherwise. CAC ¶¶ 30 n.9, 221-30. Instead, Lacy relies on a speculative link between the two based on the fact that the alleged

7

fraud began eight-plus months after the breach. To show standing, this is not enough. *Owen-Brooks*, 2024 WL 4338133 at \*9 (dismissing claims for increased spam when phone numbers and emails were not part of breach); *Maser*, 2024 WL 2863579, at \*7 ("Although she alleges that her credit union account was drained as a result of the Data Breach, … she [does not] allege how the PHI and specific PII that was stolen from Defendant could have enabled someone to access her financial account without authorization."); *Deevers*, 2023 WL 6133181, at \*7 (dismissing claims based on fraudulent Best Buy transaction and calls for loan applications where, although SSNs were impacted, plaintiffs did not show breach involved phone numbers or credit card or financial account numbers).

Finally, to the extent Plaintiffs allege "actual misuse" because Bian Lian stole their PII and published it on the dark web, CAC ¶ 87, the assertion is conclusory and not entitled to deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 80-81 (2009). It is also belied the screenshot in the CAC. The screenshot does not identify Plaintiffs' data – specifically, their SSNs. CAC ¶ 80. Nor does the site make such data available for download, as it has been inoperative since the threat actor's group disbandment. Plaintiffs, therefore, fail to allege an injury in fact or one that is traceable to Trinity to establish standing. Therefore, the CAC should be dismissed.

## II.    PLAINTIFFS FAIL TO ALLEGE A CLAIM UPON WHICH RELEIF MAY BE GRANTED

### A.    The Negligence Claim Fails to Cite a Common Law Duty of Care

For negligence, a plaintiff must establish that the defendant owed the plaintiff a duty of care; the defendant breached that duty; and that the defendant's breach

proximately caused the plaintiff's injuries. *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005).

Several Colorado courts have held that there is no statutory or common law imposing a duty of care for data protection. *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1084 (D. Colo. 2018) ("there is no basis in Colorado statutory or common law for imposing a duty of care related to data security"); *Gordon v. Chipotle Mexican Grill, Inc.*, 2018 WL 3653173, at *16 (D. Colo. Aug. 1, 2018) ("Plaintiffs do not cite any Colorado authorities to support Defendant had an independent duty to safeguard PI"), *report and recommendation adopted in part, rejected in part,* 344 F. Supp. 3d 1231 (D. Colo. 2018).

In *Owens-Brooks*, this Court recognized that in the absence of a special relationship between plaintiff and defendant, there is no duty to protect data in a nonfeasance (failure to act) claim. *Owen-Brooks*, 2024 WL 4338133 at *14 (citing *Lopez v. Trujilo*, 397 P.3d 370, 374 (Colo. 2017)). The only special relationships recognized in Colorado are (1) common carrier/passenger, (2) innkeeper/guest, (3) possessor of land/invited entrant, (4) employer/employee, (5) parent/child, and (6) hospital/patient. *Trujilo*, 397 P.3d at 374. *None* of these special relationships are alleged in the CAC, mandating dismissal. *Keller*, 111 P.3d at 447-48 (negligence claim fails "where the law does not impose a duty on the defendant to act for the plaintiff's benefit").

Yet even if a duty were to exist, Plaintiffs do not allege facts showing what Trinity did wrong other than fail to engage "reasonable" data security measures. Courts reject such amorphous and conclusory allegations as insufficient to state a claim. *E.g., In re Waste Mgmt. Data Breach Litig.*, 2022 WL 561734, at *1 (S.D.N.Y. Feb. 24, 2022)

("Although the [complaint] contains many conclusory allegations that Waste Management failed to take reasonable measures to protect its data, [it] pleads *no facts regarding any specific measures that Waste Management did or didn't take, nor does it contain any allegations regarding the manner in which their systems were breached.* ") (emphasis added) (citing *Iqbal*, 556 U.S. at 678)).

**B.    The FTC Act Does Not Support a Negligence Per Se Claim**

In Colorado, negligence per se occurs when a defendant violates a statute adopted for the public's safety and the violation proximately causes a plaintiff's injury. *Miller v. Crested Butte, LLC*, 549 P.3d 228, 234 (Colo. 2024). A plaintiff must factually allege show that the statute was intended "to protect against the type of injury she suffered and *that she is a member of the group of persons the statute was intended to protect.*" *Id.* (emphasis added). Here, there are no such allegations.

Colorado courts have rejected negligence per se claims predicated upon the FTC Act where plaintiffs are neither competitors nor consumers of the defendant to invoke the statute's purpose to protect commerce. *Bellwether C'nty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1086 (D. Colo. 2018) ("Absent a showing of harm resulting from any restriction or destruction of competition, Plaintiffs have not demonstrated that they are within the scope of intended beneficiaries of Section 5."); *SELCO Community Credit Union v. Noodles & Co.*, 267 F. Supp. 3d 1288, 1297 (D. Colo. 2017) (same). Here, Plaintiffs do to allege that they are consumers or competitors of Trinity. For this reason, under *Bellwether* and *SELCO*, the FTC Act should not apply

10

and plaintiffs' negligence per se claim should be dismissed.[3]

## C.    Plaintiffs Do Not Allege Facts to Support Their Contract Claims

To prevail on a claim for breach of implied contract, "a plaintiff must demonstrate (1) the existence of a contract; (2) the plaintiff's performance, or justification for the plaintiff's non-performance; (3) the defendant's failure to perform the contract; and (4) damages." *Kluth v. Spurlock*, 693 F. Supp. 3d 1133, 1173 (D. Colo. 2023), *opinion withdrawn in part on recon.,* 2024 WL 1858502 (D. Colo. Apr. 29, 2024). The failure to show mutual assent is fatal to a breach of implied contract claim. *Johnson v. Am. Honda Motor Co. Inc.*, 2016 WL 3078995, at \*5 (D. Colo. May 18, 2016) (dismissing  breach of implied contract claim for failing to show "meeting of the minds" by parties).

A person not a party to an express contract may bring a breach of contract action against one of the parties to the agreement *only if the contract intended to benefit the non-party*, provided that the benefit claimed is a direct and not merely an incidental benefit of the contract. *Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1056 (Colo. 1994); *see also Trujillo v. Denver Zoological Foundation, Inc.*, 2005 WL 1699961, at \*3 (D. Colo. 2005). The intent must be apparent from the terms of the agreement, the surrounding circumstances, or both. *Parrish Chiropractic Centers*, 874 P.2d at 1056.

Plaintiffs do not allege mutual assent between either Plaintiffs and Trinity for

---

[3] Even under *Owen-Brooks'* reading of the FTC Act, the claim should be dismissed. *Owen-Brooks*, 2024 WL 4338133 at \*17. There are no allegations of Trinity's acts affecting commerce. Plaintiffs merely allege that Trinity provides accounting services to oil and gas companies. CAC ¶¶ 46, 51.

the breach of implied contract claim, or between Trinity and its clients for the third-party beneficiary claim. Nor do they allege facts showing an intended benefit upon Plaintiffs. This failure is fatal for both claims. *Blood*, 2022 WL 11745549 at \*8 ("how there could have been an implied contract with no allegation of mutual assent by Defendant"); *Winter v. Indus. Claim Appeals Off.*, 321 P.3d 609, 614 (Colo. Ct. App. 2013) (dismissing implied contract claim in absence of "mutual assent or legal consideration"); *Autotech Techs., LP v. Palmer Drives Controls & Sys., Inc.*, 2020 WL 1974759, at \*4 (D. Colo. Apr. 24, 2020) (same).

## D.    There is No Unjust Enrichment

The elements of unjust enrichment are (1) that a benefit was conferred on the defendant by the plaintiff, (2) that the benefit was appreciated by the defendant, and (3) that the benefit was accepted by the defendant under circumstances making it inequitable for the benefit to be retained without payment. *DCB Const. Co., Inc. v. Central City Development Co.*, 965 P.2d 115, 119 (Colo. 1998). Here, Plaintiffs allege without factual detail that they "conferred a benefit upon" Trinity when they provided their PII and Trinity thereby "generat[ed] revenue" from accepting their PII. CAC ¶¶ 367-68. Plaintiffs allege that Trinity "failed to secure" Plaintiffs' PII and "therefore, did not fully compensate Plaintiffs … for the value that their" PII, thereby enjoying unjust enrichment. *Id.* ¶ 369-70. Colorado courts routinely reject the shoehorning of such claims in the context of data breaches as here.

*Gordon v. Chipotle Mexican Grill, Inc.* is illustrative. In *Gordon*, which involved a data breach, this Court dismissed the same unjust enrichment claim alleged here.

12

This Court rejected the notion that there was a withheld benefit or that plaintiffs did not what receive what they had bargained for – namely, tasty burritos.

> It is undisputed that Plaintiffs received the food services for which they paid. Defendant was therefore not unjustly enriched by retaining Plaintiffs' payments. Plaintiffs' contorted 'would not have shopped' theory does not change this elementary analysis: *Plaintiffs paid for burritos; Plaintiffs received burritos. Plaintiffs' unjust enrichment claim fails to state a claim for which relief may be granted and must be dismissed.* [Emphasis added.]

*Gordon*, 344 F. Supp. 3d 1231, 1249 (D. Colo. 2018); *see also Owen-Brooks*, 2024 WL 4338133 at \*16 ("Plaintiffs do not plausibly allege that providing their personal information to Defendant conferred a benefit on Defendant that would be unjust to retain. Certainly, the work that Plaintiffs have done for Defendant is a benefit and has value, but that is not what is at issue here.").

Here, Plaintiffs' claims are further attenuated. Plaintiffs do not allege how they provided their PII to Trinity, nor that Trinity withheld a benefit from them. They cannot. Trinity provides accounting services to corporate clients, *not* to Plaintiffs. CAC ¶¶ 46, 51. Plaintiffs did not transact with Trinity. Nor do they allege otherwise, or allege any accounting services Trinity's clients did not receive that would confer an unjust benefit upon Trinity.  Plaintiffs' unjust enrichment should be dismissed.

**E.    Plaintiffs Do Not Allege Risk or Harm to Support Injunctive Relief**

The Declaratory Judgment Act permits a court to issue declaratory judgment in "case[s] of actual controversy." 28 U.S.C. § 2201(a). Because Plaintiffs fail to adequately plead substantive claims, their claim for declaratory relief must be dismissed.

13

In addition, Plaintiffs have not shown or alleged ongoing inaction by Trinity to place their data at risk to another cyberattack. *See Hummel v. Teijin Automotive Techs, Inc.*, 2023 WL 6149059, at \*14 (E.D. Mich. Sept. 20, 2023). In *Hummel*, as here, the plaintiff stated claims for past injuries and potential future injuries. *Id.* at \*14. The court found the claim for declaratory judgment and injunctive relief "would not redress [the] injuries; rather, they seek to prevent a second breach from occurring." *Id.* at \*39. The court held that because the plaintiff did not allege facts to suggest a risk of a second cyberattack on the defendant, the plaintiff "failed to meet the jurisdictional requirements" for declaratory and injunctive relief. *Id.* (citation omitted). Likewise here, Plaintiffs do not show continued risk to their data.

## CONCLUSION

Trinity respectfully requests that its motion be granted. The CAC does not establish standing because five of the six Plaintiffs do not allege misuse of their data to satisfy the injury in fact requirement. The sixth Plaintiff does not allege traceable injury. Even if standing were to exist, Plaintiffs still do not allege claims upon which relief may be granted. The causes of action lack factual allegations required in federal pleadings under *Twombly* and *Iqbal.* Many of the causes of action are also based on legal duties that are not recognized under Colorado law.

**Dated:** July 30, 2025

Respectfully Submitted,
**KENNEDYS CMK LLP**

By:      */s/Joshua A. Mooney*
Joshua A. Mooney, Esquire
Kennedys CMK LLP
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Email: Joshua.Mooney@kennedyslaw.com

Daniel S. Marvin, Esquire
Kennedys CMK LLP
22 Vanderbilt Avenue, Suite 2400
New York, New York 10022
Tel: 212-252-0004
Email: Daniel.Marvin@kennedyslaw.com

*Counsel for Trinity Petroleum Management,
LLC*

15