# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **WILLIAM D. WARNER, AMBER LACY, RILEY LANGDON, WHITNEY PAIGE PUTNAM, STEPHEN KYLE VOSS**, and **TODD WILLIFORD**, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRINITY PETROLEUM MANAGEMENT, LLC, RIMROCK RESOURCE OPERATING, LLC, CONFLUENCE DJ, LLC**, and **VALIDUS ENERGY II MIDCON, LLC**,<br><br>Defendants. | Case No. 1:25-cv-00748-SKC-NRN |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement")[1] is entered into between Plaintiffs William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class, and Defendants Trinity Petroleum Management, LLC ("Trinity"), Rimrock Resource Operating, LLC ("Rimrock"), Confluence DJ, LLC ("Confluence"), and Validus Energy II Midcon, LLC ("Validus") (collectively, "Defendants" and together with Plaintiffs, the "Parties"), as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

---

[1] All capitalized terms used herein shall have the same meanings as those defined in Section II of this Class Action Settlement Agreement or as otherwise defined herein.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.     Trinity is a limited liability company that provides accounting services to businesses in the oil and gas industry, including Rimrock, Confluence, and Validus.

2.     Plaintiffs and Settlement Class Members are oil and gas interest holders associated with companies that outsourced accounting services to Trinity.

3.     In the ordinary course of business, Defendants collect, maintain, and store personally identifiable information ("PII") belonging to Plaintiffs and Settlement Class Members, including: (i) names; (ii) addresses; and (iii) Social Security numbers (collectively, "Private Information").

4.     On or about October 14, 2024, Trinity became aware that an unauthorized actor accessed certain files and data stored within its network that contained the Private Information of Plaintiffs and the Settlement Class (the "Data Security Incident").

5.     After an investigation, Trinity determined an unauthorized actor gained access to its computer systems between October 10, 2024, and October 14, 2024. On December 18, 2024, Trinity determined that Private Information may have been exfiltrated.

6.     Trinity sent notice of data breach letters ("Notice Letters") to potentially impacted individuals, including Plaintiffs and the Settlement Class, on or around February 13, 2025 and March 10, 2025. Each Plaintiff received a Notice Letter.

7.     As a result, on March 7, 2025, Plaintiff Warner filed the first putative class action arising from the Data Security Incident against Trinity and Rimrock (Case No. 1:25-cv-00748) (the "*Warner* Action"). On March 25, 2025, Plaintiff Lacy filed the second putative class action arising from the Data Security Incident against Trinity and Rimrock (Case No. 1:25-cv-00959) (the "*Lacy* Action"). On March 26, 2025, Plaintiffs Langdon, Voss, and Putnam filed the third

2

putative class action arising from the Data Security Incident against Trinity and Rimrock (Case No. 1:25-cv-00966) (the "*Langdon* Action").

8. On May 25, 2025, the Court consolidated the *Warner* Action, the *Lacy* Action, and the *Langdon* Action into the above-captioned matter (the "Action") and appointed William B. Federman of Federman & Sherwood as Interim Class Counsel.

9. On June 30, 2025, Plaintiffs Warner, Lacy, Langdon, Voss, and Putnam filed their Consolidated Class Action Complaint. The Consolidated Class Action Complaint added Todd Williford as a Plaintiff and added Confluence and Validus as Defendants. The Consolidated Class Action Complaint asserts the following claims for relief: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) breach of third-party beneficiary contract; (v) unjust enrichment; (vi) declaratory judgment; and (vii) negligent selection, hiring, or retention.

10. Trinity filed a Motion to Dismiss the for Lack of Jurisdiction and/or Failure to State a Claim on July 30, 2025. Rimrock also filed a Motion to Dismiss the for Lack of Jurisdiction and/or Failure to State a Claim. Thereafter, the Parties moved to stay the case on August 14, 2025, to explore the viability of early resolution.

11. On November 21, 2025, Plaintiffs and Trinity, on behalf of Defendants, engaged in a full-day mediation with an experienced data privacy mediator—John DeGroote, Esq. of DeGroote Partners. At this mediation, Plaintiffs and Trinity, on behalf of Defendants, engaged in hard-fought settlement negotiations and were able to reach an agreement on some of the settlement's terms.

12. On December 18, 2025, Plaintiffs and Trinity, on behalf of Defendants, engaged in a second half-day mediation with Mr. DeGroote. After multiple rounds of arm's-length negotiations between experienced counsel, Plaintiffs and Trinity, on behalf of Defendants, were

3

ultimately able to reach an agreement on all material terms of the settlement, as reflected in the terms of this Agreement.

13. Prior to engaging in mediation, Plaintiffs sought and obtained informal discovery from certain Defendants on a variety of topics, including: (i) the details of the Data Security Incident; (ii) how many individuals were potentially impacted by the Data Security Incident and their geographic location; (iii) the types of PII potentially exposed in the Data Security Incident; (iv) the remedial measures implemented by Trinity after the Data Security Incident; (v) the insurance coverage applicable to the Data Security Incident; and (vi) the relationship between Trinity and the other Defendants.

14. The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendants have entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Action, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendants do not in any way acknowledge, admit to, or concede any of the allegations made in any of the complaints or in the Action or that the allegations have merit, and expressly disclaim and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted in any of the putative class action complaints or in the Action.

15. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to avoid the risk, delay, and uncertainty of continued litigation.

Plaintiffs do not in any way concede that the claims alleged in the Action lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendants, and all Settlement Class Members.

**NOW, THEREFORE,** considering the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    DEFINITIONS

10.    "**Action**" means *Warner, et al. v. Trinity Petroleum Management, LLC, et al.*, No. 1:25-cv-00748 (D. Colo.).

11.    "**Agreement**" or "**Settlement Agreement**" or "**Settlement**" means this Class Action Settlement Agreement and Release.

12.    "**Alternative Cash Payment**" means a payment of Fifty-Five Dollars and Zero Cents ($55.00) to each Settlement Class Member who elects to receive this payment in lieu of a claim for Documented Losses or Lost Time.

13.    "**Cash Payment**" means compensation paid to Settlement Class Members who submit a Valid Claim for Reimbursement for Documented Losses, Lost Time, or an Alternative Cash Payment.

14.    "**Claim**" means the submission of a Claim Form by a Claimant.

15.    "**Claims Deadline**" means the final time and date by which a Claim must be postmarked or submitted to the Settlement Website for a Class Member to be entitled to any of the Settlement Class Member Benefits. The Claims Deadline shall be sixty (60) days after the Notice Deadline.

16.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto

as **Exhibit A**, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

17.    "**Claimant**" means a Settlement Class Member who submits a Claim Form.

18.    "**Class Counsel**" means William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Marc H. Edelson of Edelson Lechtzin, LLP.

19.    "**Class List**" means the list of Settlement Class Members to be prepared by Trinity and provided to the Settlement Administrator for Notice purposes. The Class List shall include Settlement Class Members' full names, current addresses, email addresses (if available), and last known physical mailing address. The Class List shall be provided to the Settlement Administrator within <u>seven (7) days</u> after the Preliminary Approval Order.

20.    "**Class Representatives**" means Plaintiffs William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford.

21.    "**Court**" means the United States District Court for the District of Colorado and the Judge(s) assigned to the Action.

22.    "**Credit Monitoring**" means three (3) years of one-bureau credit monitoring and identity theft protection services, which shall include at least One Million Dollars and Zero Cents ($1,000,000.00) in identity theft insurance.

23.    "**Data Security Incident**" means the unauthorized access to Trinity's network between October 10, 2024, through October 14, 2024, in which the Private Information of Plaintiffs and the Settlement Class was potentially accessed and/or exfiltrated by a criminal actor.

24.    "**Defendants**" means Trinity Petroleum Management, LLC ("Trinity"), Rimrock Resource Operating, LLC ("Rimrock"), Confluence DJ, LLC ("Confluence"), and Validus Energy II Midcon, LLC ("Validus").

6

25.    "**Defendants' Counsel**" means

    a.   Joshua A. Mooney and Daniel S. Marvin of Kennedys CMK LLP, counsel for Trinity;

    b.   Joe Daniels of Taft, counsel for Confluence;

    c.   Joshua A. Norris and Nicole M. Duarte of The Norris Firm PC, counsel for Validus; and

    d.   John T. Mills and Joseph Salvo of Gordon & Rees LLP, counsel for Rimrock.

26.    "**Effective Date**" means the later of: (i) thirty (30) days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (ii) if appeals are taken from the Final Approval Order, then the earlier of thirty (30) days after the last appellate court ruling affirming the Final Approval Order or thirty (30) days after the entry of a dismissal of the appeal.

27.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached hereto as **Exhibit E.**

28.    "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Motion for Attorneys' Fees, Costs, and Service Awards.

29.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached hereto as **Exhibit E.** Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

30.    "**Long Form Notice**" means the extended form notice of the Settlement, substantially in the form attached hereto as **Exhibit B**, which shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

31.    "**Motion for Attorneys' Fees, Costs, and Service Awards**" means Class Counsel's application for attorneys' fees, reimbursement for costs, and for Service Awards for the Class Representatives. The Motion for Attorneys' Fees, Costs, and Service Awards shall be filed no later than fourteen (14) days before the Opt-Out Deadline and Objection Deadline.

32.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement. The Motion for Final Approval shall be filed no later than fourteen (14) days before the Final Approval Hearing.

33.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

34.    "**Notice**" means the Postcard Notice (attached hereto as **Exhibit C**) and the Long Form Notice (attached hereto as **Exhibit B**) that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

35.    "**Notice Deadline**" means the last day by which the Postcard Notice must be issued to the Settlement Class. The Notice Deadline is thirty (30) days after the entry of the Preliminary Approval Order.

36.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Postcard Notice, Long Form Notice, the Settlement Website, and a toll-free settlement phone number.

37.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a

8

Settlement Class Member who has submitted an invalid Claim.

38.    "**Objection Deadline**" means the deadline for Settlement Class Members to submit objections to the Settlement, which shall be sixty (60) days from the Notice Deadline.

39.    "**Opt-Out Deadline**" means the deadline for a Settlement Class Member to request exclusion from the Settlement, which shall be sixty (60) days from the Notice Deadline.

40.    "**Party**" means each of the Plaintiffs and Defendants, and "**Parties**" means Plaintiffs and Defendants collectively.

41.    "**Plaintiffs**" means William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford.

42.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as **Exhibit C**, that the Settlement Administrator shall disseminate to Settlement Class Members by mail or if available, email by the Notice Deadline.

43.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

44.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as **Exhibit D**.

45.    "**Releases**" means the releases and waiver set forth in Section XI of this Agreement.

46.    "**Released Claims**" means all liabilities, rights, claims, causes of action (arising out of any source(s) whatsoever, including but not limited to federal law, state law (including but not limited to California's Consumer Privacy Act, Cal. Civ. Code section 1798.100 *et seq*, and/or California's Unfair Competition Law, Cal. Civ. Code section 17200 *et seq*), common law and/or contract), demands, suits, actions, obligations, damages (including but not limited to punitive, special or exemplary damages), penalties, costs, attorneys' fees, losses, defenses and remedies

(including but not limited to injunctive relief, declaratory relief, specific performance, and pre-judgment and post-judgment interest), of every kind or description in law or in equity, whether known or unknown (including Unknown Claims as set forth in paragraph 97), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable, that the Releasing Parties had or have or that have been or could have been asserted in the Action or that otherwise result from, arise out of, are based upon, or relate to the Data Security Incident, the alleged access, disclosure, acquisition and/or exposure of PII, or any other personal information, in the Data Security Incident, the operative facts alleged in the Action,  the conduct that was alleged or could have been alleged in the Action, Defendants' provision of notice to Settlement Class Members following the Data Security Incident, Defendants' information security policies and practices as they relate to or arise from the Data Security Incident, or Defendants' maintenance or storage of PII or any other personal information as they relate to or arise from the Data Security Incident(the "Released Claims"). However, Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in the Settlement Agreement, and shall not include the Class Members who have timely and validly requested exclusion from the Settlement Class. Furthermore, the Released Claims will not in any manner affect any Class Member's payment obligations or any other obligations under any note, loan, mortgage, or deed of trust that a Class Member may have with Defendants.

47.    "**Released Parties**" means Defendants and each entity which they are controlled by, controlling, or under common control with and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, insurers, reinsurers, attorneys, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, predecessors, successors, managers, administrators, executors, and trustees.

10

Each of the Released Parties may be referred to individually as a "Released Party." It is expressly understood that to the extent a Released Party is not a party to this Agreement, all such Released Parties are intended third-party beneficiaries of this Agreement.

48. "**Releasing Parties**" means (i) Plaintiffs and Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective past, present, and future heirs, predecessors, successors, devisees, beneficiaries, conservators, executors, estates, administrators, representatives, assigns, affiliates, trustees, receivers, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents and attorneys; and (ii) any entities in which Plaintiffs and/or other Settlement Class Members have or had a controlling interest or that has or had a controlling interest in him, her, or it, (iii) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiffs and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (iv) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)–(iv).

49. "**Service Award**" means the payment the Court may award Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members. The Service Awards shall be paid by Trinity separate from the Settlement Class Member Benefits. The Class Representatives may seek Service Awards of up to Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) each ($15,000.00 total),

subject to Court approval.

50.    "**Settlement Administrator**" means Simpluris, Inc., the third-party notice and claims administrator.

51.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration, for which Trinity shall be solely responsible for payment.

52.    "**Settlement Class**" means all persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024. Excluded from the Settlement Class are: (i) all persons who are directors and officers of Defendants; (ii) governmental entities; and (iii) the Judge assigned to the Action, that Judge's immediate family, and Court staff. The Settlement Class is comprised of approximately 46,659 individuals.

53.    "**Settlement Class Member**" or **"Class Member"** means any member of the Settlement Class who has not timely opted out of the Settlement.

54.    "**Settlement Class Member Benefit**" means the Cash Payment and/or Credit Monitoring elected by Settlement Class Members.

55.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Attorneys' Fees, Costs, and Service Awards, Motion for Final Approval, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall

12

remain online and operable for at least three (3) months after Final Approval.

56.     "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (i) submitted in accordance with the provisions of this Agreement; (ii) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (iii) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (iv) returned via mail and postmarked by the Claims Deadline, or, if submitted online, submitted by 11:59 p.m. central time by the Claims Deadline; and (v) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

### III.    <u>CERTIFICATION OF THE SETTLEMENT CLASS</u>

57.     In the Motion for Preliminary Approval, Plaintiffs shall propose and request from the Court that the Settlement Class be certified for settlement purposes. Defendants agree solely for purposes of the settlement provided for in this Agreement, and the implementation of such settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

### IV.    <u>SETTLEMENT CONSIDERATION</u>

58.     **Settlement Class Member Benefits.** The Settlement shall be administered on a

wholly claims-made basis. To receive any relief, Settlement Class Members must submit a substantiated, documented, and Valid Claim to the Settlement Administrator. When submitting a Valid Claim, Settlement Class Members may submit claims for Cash Payments and Credit Monitoring. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against the Released Parties without receiving a Settlement Class Member Benefit.

59.    **Cash Payments.**

a.    <u>**Reimbursement for Documented Losses:**</u> Settlement Class Members may submit a Claim for compensation for unreimbursed losses fairly traceable to the Data Security Incident, up to a total of Five Thousand Dollars and Zero Cents ($5,000.00) per Settlement Class Member. Settlement Class Members who elect to receive this benefit must submit documentation supporting their Claim. This documentation may include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source. Documented Losses may include the following:

i.    ***Reimbursement for Out-of-Pocket Losses:*** Settlement Class Members may submit a Claim for compensation for unreimbursed expenses incurred as a result of the Data Security Incident, including (without limitation): (i) bank fees; (ii) long distance phone charge; (iii) cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline for local travel; and (vii) reimbursement for credit reports,

14

credit monitoring, or other identity theft insurance products purchased between October 10, 2024, and the date of the Claims Deadline; and

ii.    ***Reimbursement for Extraordinary Losses:*** Settlement Class Members may also submit a Claim for compensation for unreimbursed monetary losses arising from identity theft or fraud if the loss is: (i) an actual, documented, and unreimbursed monetary loss due to fraud or identity theft; (ii) occurred on or after October 10, 2024 through the date of the Claims Deadline; and (iii) fairly traceable to the Data Security Incident.

b.    <u>**Compensation for Lost Time:**</u> Settlement Class Members may submit a Claim for reimbursement for time spent remedying issues related to the Data Security Incident at a rate of $25.00 per hour, for up to four (4) hours (a total of $100.00), which shall require the Settlement Class Member to attest (by signature or checkmark) the validity of the Class Member's Lost Time Claim. Settlement Class Members may elect to submit a Claim for Lost Time, Documented Losses, and Credit Monitoring.

c.    <u>**Alternative Cash Payment:**</u> In lieu of submitting a Claim for Documented Losses or Lost Time, Settlement Class Members may elect to submit a Claim for a one-time cash payment of Fifty-Five Dollars and Zero Cents ($55.00). Settlement Class Members ***may not*** submit a Claim for Lost Time, Documented Losses, and an Alternative Cash Payment. However, a Settlement Class Member may elect to submit a Claim for both an Alternative Cash Payment and Credit Monitoring.

60.    **Credit Monitoring.** All Settlement Class Members are eligible to submit a Claim for three (3) years of one-bureau credit monitoring and identity theft protection services, which shall include at least One Million Dollars and Zero Cents ($1,000,000.00) in identity theft

insurance. All Settlement Class Members may elect to receive Credit Monitoring regardless of the type of Cash Payment selected.

61.    **Business Practice Changes & Confirmatory Discovery.** Plaintiffs have received assurances that Trinity has either undertaken or will undertake reasonable steps to further secure its computer systems and environment. Trinity will provide a confidential declaration setting forth: (i) the enhanced data security measures it has implemented since the Data Security Incident; (ii) the approximate cost of the enhanced data security measures it has implemented since the Data Security Incident; and (iii) the estimated cost of maintaining the enhanced data security measures over the next three (3) years. Plaintiffs may disclose the monetary amount of the enhanced data security measures to the Court during the settlement approval process.

## V.    SETTLEMENT APPROVAL

62.    The Motion for Preliminary Approval shall, among other things, request the Court: (i) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (ii) provisionally certify the Settlement Class for settlement purposes only; (iii) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (iv) approve the Claim Form and Claim submission process; (v) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (vi) appoint William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Marc H. Edelson of Edelson Lechtzin, LLP as Class Counsel; (vii) appoint Plaintiffs as Class Representatives; (viii) appoint Simpluris, Inc. as the Settlement Administrator; (ix) stay the Action pending Final Approval of the Settlement; and (x) schedule a Final Approval Hearing.

## VI. <u>SETTLEMENT ADMINISTRATOR</u>

63.    The Parties agree that, subject to Court approval, Simpluris, Inc. shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

64.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, assessing Claim Forms and determining whether they are supported by reasonable documentation, and distributing the Cash Payments to Settlement Class Members who submit Valid Claims.

65.    The Settlement Administrator's duties include:

    a.   Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice, sending out Long Form Notices and paper Claim Forms upon request from Settlement Class Members, reviewing Claim Forms and supporting documentation, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

    b.   Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

    c.   Establishing and maintaining the Settlement Website to provide important

17

information and to receive electronic Claim Forms;

d.  Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

e.  Responding to any mailed Settlement Class Member inquiries;

f.  Processing all opt-out requests from the Settlement Class;

g.  Providing weekly reports to Class Counsel and Defendants' Counsel that summarize the number, type and number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

h.  Providing Class Counsel and Defendants' Counsel with a final listing of all valid opt-out requests and objections received within seven (7) days of the Opt-Out Deadline and Objection Deadline, and thereafter within two (2) days of receiving any further opt-out requests or objections;

i.  In advance of the Final Approval Hearing, preparing a declaration confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the

18

Parties to seek and obtain Final Approval;

j.  Reviewing Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a Cash Payment;

k.  Collecting from Trinity and/or its insurer(s) the cash necessary to pay Valid Claims for Cash Payments;

l.  Distributing Cash Payments to Settlement Class Members who submit Valid Claims;

m.  Sending an email/letter to Settlement Class Members with Valid Claims that elected Credit Monitoring with information on how to enroll in the Credit Monitoring, including the activation code; and

n.  Any other Settlement administration function at the instruction of Class Counsel and Defendants, including, but not limited to, verifying that the Cash Payments have been properly distributed.

## VII.    NOTICE TO THE SETTLEMENT CLASS, OPT-OUT PROCEDURES, AND OBJECTION PROCEDURES

66.    Trinity will make available to the Settlement Administrator the Class List no later than seven (7) days after the entry of the Preliminary Approval Order. To the extent necessary, Trinity will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

67.    Within thirty (30) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court.

68.    The Postcard Notice shall include, among other information: (i) a description of the material terms of the Settlement; (ii) how to submit a Claim Form; (iii) the Claims Deadline; (iv)

the Opt-Out Deadline for Settlement Class Members to request exclusion from the Settlement; (v)

the Objection Deadline for Settlement Class Members to object to the Settlement and/or Motion

for Attorneys' Fees, Costs, and Service Awards; (vi) the Final Approval Hearing date; and (vii) the

Settlement Website address at which Settlement Class Members may access this Agreement and

other related documents and information. Class Counsel and Defendants' Counsel shall insert the

correct dates and deadlines in the Notice before the Notice Program commences, based upon those

dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the

Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website

to reflect the new date. No additional notice to the Settlement Class is required if the date or time

for the Final Approval Hearing changes.

69.     The Settlement Administrator shall establish the Settlement Website no later than

one (1) day before Notice is first initiated. The Settlement Administrator shall ensure the

Settlement Website makes available the Court-approved online Claim Form that can be submitted

directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the

Settlement Administrator.

70.     The Long Form Notice shall include a procedure for Settlement Class Members to

opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class Members to

review the Long Form Notice to obtain the opt-out instructions. A Settlement Class Member may

opt-out of the Settlement Class by mailing a request to opt-out to the Settlement Administrator

postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by

the Settlement Class Member and contain the requestor's name, address, telephone number, and

email address (if any), and include a statement indicating a request to be excluded from the

Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-

out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

71.     The Long Form Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded himself/herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

72.     For an objection to be considered by the Court, the objection must also set forth:

    a.   the objector's full name, mailing address, telephone number, and email address (if any);

    b.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    c.   the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were

issued by the trial and appellate courts in each listed case;

d.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards, and whether each counsel will appear at the Final Approval Hearing;

e.  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years;

f.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

g.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

h.  the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel. A separate objection must be submitted for each objector, complying with the requirements set forth in this paragraph.

73.     The Settlement Administrator shall perform reasonable address traces for Postcard

Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purposes. No later than thirty (30) days before the Claims Deadline, the Settlement Administrator shall complete the re-mailing of the Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

74.    The Notice Program shall be completed no later than forty-five (45) days before the original date set for the Final Approval Hearing.

### VIII.    CLAIM FORM PROCESS AND DISBURSEMENT OF CASH PAYMENTS

75.    The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

76.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

77.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

78.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one (1) Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. If the Settlement Administrator identifies any Claim

23

Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement

Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

79.    The Settlement Administrator shall exercise, in its discretion, all usual and

customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and

abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or

in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can

instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement

Administrator identifies actual or possible fraud or abuse relating to the submission of claims,

including, but not limited to, denying in whole or in part any Claim to prevent actual or possible

fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and

Parties may require information from Claimants or deny Claims, subject to the supervision of the

Parties and ultimate oversight by the Court.

80.    Claim Forms that do not meet the terms and conditions of this Settlement shall be

promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise

the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected.

However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or

omitting required information, the Settlement Administrator may send a Notice of Deficiency

explaining what information is missing or inaccurate and needed to validate the Claim and have it

submitted for consideration. The Settlement Administrator shall notify the Claimant using the

contact information provided in the Claim Form. The additional information and/or documentation

can include, for example, answers to questions regarding the validity of the Claimant's physical or

e-signature. A Claimant shall have until the Claims Deadline, or fifteen (15) days from the date the

Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is

later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants and Class Counsel otherwise agree.

81.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

    a.   Failure to fully complete and/or sign the Claim Form;

    b.   Illegible Claim Form;

    c.   The Claim Form is fraudulent;

    d.   The Claim Form is duplicative of another Claim Form;

    e.   The Claimant is not a Settlement Class Member;

    f.   The Claimant submitted a timely and valid request to opt-out of the Settlement Class.

    g.   The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

    h.   Failure to submit a Claim Form by the Claims Deadline; and/or

    i.   The Claim Form otherwise does not comply with the requirements of this Settlement.

82.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.  The Settlement Administrator shall have <u>thirty (30) days</u> from the Claims Deadline to approve or reject Claims.

b.  A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph.

c.  If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendants' Counsel shall be provided with copies of all such notifications to Claimants.

d.  The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim will be final and binding.

83.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendants' Counsel. Additionally, Class Counsel and Defendants' Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

84.    No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

85.    Defendant Trinity shall be obligated to pay all amounts owed to Plaintiffs, Settlement Class Members, counsel for Plaintiffs and/or Settlement Class Members, the Settlement Administrator, the Court, and/or any other person or entity under this Agreement. Without in any way diminishing the provisions of this Agreement or the releases provided for herein, Rimrock,

26

Confluence, and Validus shall not be obligated to pay any amount to any person or entity under this Agreement.

86.    The Settlement Administrator must submit an invoice to Trinity for payment of all Valid Claims within <u>five (5) days</u> of the Effective Date or as soon as all Claim deficiencies are resolved via the process set forth herein. Trinity shall pay or cause to be paid to the Settlement Administrator the invoiced amount of all Valid Claims within <u>twenty (20) days</u> of the invoice.

87.    No later than <u>sixty (60) days</u> after the Claims Deadline, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

88.    Cash Payments to Settlement Class Members will be made by electronic payment or by paper check. Paper checks must be negotiated within <u>sixty (60) days</u> of issuance. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall revert to Trinity, and the Settlement Class Member shall forfeit their entitlement right to the funds. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and Defendants' Counsel. Absent specific instructions from Class Counsel and Defendants' Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them.

## IX.    FINAL APPROVAL ORDER AND FINAL JUDGMENT

89.    Plaintiffs shall file their Motion for Final Approval of the Settlement no later than <u>fourteen (14) days</u> before the Final Approval Hearing.

90.    At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion

27

for Final Approval of the Settlement and Motion for Attorneys' Fees, Costs, and Service Awards.

In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from

any Settlement Class Members (or their counsel) who properly objected to the Settlement and/or

to the Motion for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted

timely objections that meet all of the requirements listed in this Agreement.

91.     At or following the Final Approval Hearing, the Court will determine whether to

enter the Final Approval Order and final judgment thereon, and whether to grant the Motion for

Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among

other things:

a.  Determine that the Settlement is fair, adequate, and reasonable;

b.  Finally certify the Settlement Class for settlement purposes only;

c.  Determine that the Notice Program satisfies Due Process requirements;

d.  Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any
    of the Released Claims at any time and in any jurisdiction, including during any
    appeal from the Final Approval Order, and retain jurisdiction over the
    enforcement of the Court's injunctions;

e.  Release Defendants and the other Released Parties from the Released Claims;
    and

f.  Reserve the Court's continuing and exclusive jurisdiction over the Parties to
    this Agreement, including Defendants, Plaintiffs, all Settlement Class
    Members, and all objectors, to administer, supervise, construe, and enforce this
    Agreement in accordance with its terms.

28

## X.    SERVICE AWARDS, ATTORNEYS' FEES, AND COSTS

92.    Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Service Awards, no later than fourteen (14) days before the Opt-Out Deadline and Objection Deadline.

93.    **Service Awards.** The Class Representatives may seek Service Awards of up to Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) each ($15,000.00 total), subject to Court approval. The Service Awards shall be payable separate from the Settlement Class Member Benefits. Trinity shall pay or cause to be paid the Court-approved Service Awards by check or wire transfer to an account designated by Class Counsel within thirty (30) days of the Effective Date.

94.    **Attorneys' Fees and Costs.** Class Counsel shall apply to the Court for an award of attorneys' fees and cost of up to Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00) to be paid by Trinity separate from the Settlement Class Benefits. Trinity shall pay or cause to be paid the Court-approved attorneys' fees and cost award by check or wire to the Settlement Administrator, who will transfer the Court-approved attorneys' fees and cost award to the account(s) designated by Class Counsel within thirty (30) days of the Effective Date.

95.    This Settlement is not contingent on the Court's approval of the request for attorneys' fees and costs or Service Awards. If the Court denies, in total or in part, the request for attorneys' fees, or grants amounts less than was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement had been agreed upon.

## XI.    RELEASES

96.    Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished,

29

and completely discharged the Released Parties from any and all Released Claims.

97.     Further, Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. With respect to the Released Claims, Plaintiffs, Settlement Class Members, and any Releasing Parties, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs, Settlement Class Members, and any Releasing Parties explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the

30

law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.  Moreover, Plaintiffs, Settlement Class Members, and any Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

98.     Plaintiffs, the Settlement Class, and any Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this paragraph. Each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional

31

facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a payment from the Settlement.

99.    Settlement Class Members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their individual claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

100.    Upon the Effective Date: (i) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (ii) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.  It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

101.    **Limitation of Liability**. The Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of claims made or benefits available pursuant to this Agreement; (iii) the formulation, design or terms of the disbursement of the claims made or benefits available pursuant to this Agreement; and (iv) the determination, administration, calculation or payment of any claims made pursuant to this Agreement.

102.    **Indemnification**. The Settlement Administrator shall defend, indemnify and hold harmless the Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers for (i) any act, omission or determination of the Settlement Administrator, or any of its respective

designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of claims made or benefits available pursuant to this Agreement; (iii) the formulation, design or terms of the disbursement of the claims made or benefits available pursuant to this Agreement; and (iv) the determination, administration, calculation or payment of any claims made pursuant to this Agreement.

## XII.    TERMINATION OF SETTLEMENT

103.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all the following events:

a.    Court approval of the Settlement consideration and releases set forth herein;

b.    The Court has entered the Preliminary Approval Order;

c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

104.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

105.    Defendants shall have the right to terminate this Agreement by providing written notice of their unanimous election to do so ("Termination Notice") within twenty-one (21) days of the Opt-Out Deadline if more than one hundred (100) valid opt-outs are received. In the event that Defendants opt to terminate this Agreement pursuant to this provision, Defendants shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Plaintiffs and/or Class Counsel and Service Award(s).

33

106.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## XIII.    EFFECT OF TERMINATION

107.    The grounds upon which this Agreement may be terminated are set forth in Section XII. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendants', and Defendants' Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

108.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XIV.    NO ADMISSION OF LIABILITY

109.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession

of any point of fact or law. Defendants have denied and continue to deny each of the claims and contentions alleged in the Action. Defendants specifically deny that a class could or should be certified in the Action for litigation purposes. Defendants do not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

110.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

111.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

112.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or

of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

113.    In addition to any other defenses Defendants or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XV.    MISCELLANEOUS PROVISIONS

114.    **Confidentiality.** To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. The Parties will not make any public statement about the Settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side will not be unreasonably withheld. The Parties will cooperate with each other regarding public statements about the Settlement and may issue a joint statement/press release if they mutually agree to do so. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action have settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendants may also provide information about the Settlement Agreement to their attorneys, members, partners, insurers, reinsurers, brokers, agents, and other persons or

36

entities as required by securities laws or other applicable laws and regulations.

115. **Gender and Plurals.** As used in this Agreement, the masculine, feminine or gender neutral, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

116. **Binding Effect.** This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

117. **Cooperation of the Parties.** The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

118. **Obligation to Meet and Confer.** Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

119. **Integration and No Reliance.** This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

120. **No Conflict Intended.** Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

121. **Governing Law.** Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Colorado, without

regard to the principles thereof regarding choice of law.

122.    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original. Similarly, electronic signatures are permitted.

123.    **Jurisdiction.** The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

124.    **Notices.** All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

> **FEDERMAN & SHERWOOD**
> William B. Federman
> 10205 North Pennsylvania Avenue
> Oklahoma City, OK  73120
> Tel:  (405) 235-1560
> Email: wbf@federmanlaw.com

**SIRI & GLIMSTAD LLP**
Tyler J. Bean
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
Email: tbean@sirillp.com

**EDELSON LECHTZIN, LLP**
Marc H. Edelson
411 S. State Street, Suite N-300
Newtown, PA 18940
Phone: 215-867-2399
Email: medelson@edelson-law.com

If to Defendants or Defendants' Counsel:

**KENNEDYS CMK LLP**
Daniel S. Marvin
22 Vanderbilt Ave.
Suite 2400
New York, NY 10017
Tel: 646-625-4030
Email: Daniel.marvin@kennedyslaw.com

Joshua A. Mooney
1600 Market Street
Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6706
Email: Joshua.mooney@kennedyslaw.com
*Counsel for Defendant Trinity Petroleum Management, LLC*

**TAFT**
Joe Daniels
675 Fifteenth Street Suite 2300,
Denver, CO 80202
Tel: 303-297-2900
Email: joe.daniels@taftlaw.com
*Counsel for Defendant Confluence DJ, LLC*

**THE NORRIS FIRM PC**
Joshua A. Norris
Nicole M. Duarte
24 Greenway Plaza
Suite 1800

39

Houston, TX 77046
Tel: 713-588-4536
Email: josh@tnflaw.com
Email : nicole@tnflaw.com
**Counsel for Defendant Validus Energy II Midcon, LLC**

**GORDON & REES LLP**
Joseph Salvo
John Mills
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Email: jsalvo@grsm.com
Email: jtmills@grsm.com
**Counsel for Defendant Rimrock Resource Operating, LLC**

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

125.    **Modification and Amendment.** This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

126.    **No Waiver.** The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

127.    **Authority.** Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendants' Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendants respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she

signs this Agreement to all of the terms and provisions of this Agreement.

128. **Agreement Mutually Prepared.** Neither Plaintiffs nor Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

129. **Independent Investigation and Decision to Settle.** The Parties understand and acknowledge that: (i) they have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (ii) even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

130. **Receipt of Advice of Counsel.** Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

**PLAINTIFFS:**

Signed by:

28AED2A2BEE5465...

**WILLIAM D. WARNER**
*Plaintiff*
Date: 3/10/2026

_____

**AMBER LACY**
*Plaintiff*
Date: _____

_____

**RILEY LANGDON**
*Plaintiff*
Date: _____

_____

**WHITNEY PAIGE PUTNAM**
*Plaintiff*
Date: _____

_____

**STEPHEN KYLE VOSS**
*Plaintiff*
Date: _____

_____

**TODD WILLIFORD**
*Plaintiff*
Date: _____

42

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

**PLAINTIFFS:**


_____
**WILLIAM D. WARNER**
*Plaintiff*
Date: _____

_____
Amber Lacy (Mar 5, 2026 11:22:34 CST)
**AMBER LACY**
*Plaintiff*
Date: Mar 5, 2026 _____


_____
**RILEY LANGDON**
*Plaintiff*
Date: _____


_____
**WHITNEY PAIGE PUTNAM**
*Plaintiff*
Date: _____


_____
**STEPHEN KYLE VOSS**
*Plaintiff*
Date: _____


_____
**TODD WILLIFORD**
*Plaintiff*
Date: _____

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

**PLAINTIFFS:**

_____
**WILLIAM D. WARNER**
*Plaintiff*
Date: _____

_____
**AMBER LACY**
*Plaintiff*
Date: _____

Signed by:
*Riley Langdon*
E2F8285AB5D74E5...
**RILEY LANGDON**
*Plaintiff*
Date: 3/4/2026 _____

_____
**WHITNEY PAIGE PUTNAM**
*Plaintiff*
Date: _____

_____
**STEPHEN KYLE VOSS**
*Plaintiff*
Date: _____

_____
**TODD WILLIFORD**
*Plaintiff*
Date: _____

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

**PLAINTIFFS:**


_____

**WILLIAM D. WARNER**
*Plaintiff*
Date: _____


_____

**AMBER LACY**
*Plaintiff*
Date: _____



_____

**RILEY LANGDON**
*Plaintiff*
Date: _____

Signed by:

*Whitney Paige Putnam*
EE04EDE91B034FF

**WHITNEY PAIGE PUTNAM**
*Plaintiff*
Date: 3/6/2026 _____



_____

**STEPHEN KYLE VOSS**
*Plaintiff*
Date: _____



_____

**TODD WILLIFORD**
*Plaintiff*
Date: _____

42

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

**PLAINTIFFS:**

_____

**WILLIAM D. WARNER**
*Plaintiff*
Date: _____

_____

**AMBER LACY**
*Plaintiff*
Date: _____

_____

**RILEY LANGDON**
*Plaintiff*
Date: _____

_____

**WHITNEY PAIGE PUTNAM**
*Plaintiff*
Date: _____

DocuSigned by:

*kyle Voss*

E9DD1C5789A142E...

**STEPHEN KYLE VOSS**
*Plaintiff*
Date: 3/4/2026 _____

_____

**TODD WILLIFORD**
*Plaintiff*
Date: _____

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

**PLAINTIFFS:**


**WILLIAM D. WARNER**
*Plaintiff*
Date: _____


**AMBER LACY**
*Plaintiff*
Date: _____


**RILEY LANGDON**
*Plaintiff*
Date: _____


**WHITNEY PAIGE PUTNAM**
*Plaintiff*
Date: _____


**STEPHEN KYLE VOSS**
*Plaintiff*
Date: _____


*Todd Williford*
Todd Williford (Mar 9, 2026 12:29:09 MDT)
**TODD WILLIFORD**
*Plaintiff*   03/09/2026
Date: _____

42

**CLASS COUNSEL:**


TYLER J. BEAN
**SIRI & GLIMSTAD LLP**
Date: 3/18/2026


WILLIAM B. FEDERMAN
**FEDERMAN & SHERWOOD**
Date: 3/10/2026


MARC H. EDELSON
**EDELSON LECHTZIN, LLP**
Date:


*[Remainder of page intentionally left blank.]*


43

**CLASS COUNSEL:**

_____
TYLER J. BEAN
**SIRI & GLIMSTAD LLP**
Date: _____

_____
WILLIAM B. FEDERMAN
**FEDERMAN & SHERWOOD**
Date: _____

DocuSigned by:

*Marc H. Edelson*

F76DE5B06F5F40E...
_____
MARC H. EDELSON
**EDELSON LECHTZIN, LLP**
Date: _____


*[Remainder of page intentionally left blank.]*

**DEFENDANTS:**

| *Trinity Petroleum Management, LLC* | *Rimrock Resource Operating, LLC* |
|---|---|
| Signature: *J. S.LButhr* | Signature: _____ |
| Name: *J Samuel Butler* | Name: _____ |
| Position: *President* | Position: _____ |
| Date: *3/17/26* | Date: _____ |
| *Validus Energy II Midcon, LLC* | *Confluence DJ, LLC* |
| Signature: _____ | Signature: _____ |
| Name: _____ | Name: _____ |
| Position: _____ | Position: _____ |
| Date: _____ | Date: _____ |

*[Remainder of page intentionally left blank.]*

44

**DEFENDANTS:**

| *Trinity Petroleum Management, LLC* | *Rimrock Resource Operating, LLC* |
|---|---|
| Signature: _____<br><br>Name: _____<br><br>Position: _____<br><br>Date: _____ | Signature: _DocuSigned by:_ Beth Bounds<br>255DAD3C880248B...<br><br>Name: Beth Bounds<br>_____<br><br>Position: Manager<br>_____<br><br>Date: March 10, 2026<br>_____ |
| *Validus Energy II Midcon, LLC* | *Confluence DJ, LLC* |
| Signature: _____<br><br>Name: _____<br><br>Position: _____<br><br>Date: _____ | Signature: _____<br><br>Name: _____<br><br>Position: _____<br><br>Date: _____ |

*[Remainder of page intentionally left blank.]*

44

**DEFENDANTS:**

| *Trinity Petroleum Management, LLC* | *Rimrock Resource Operating, LLC* |
|---|---|
| Signature: _____ | Signature: _____ |
| Name: _____ | Name: _____ |
| Position: _____ | Position: _____ |
| Date: _____ | Date: _____ |
| *Validus Energy II Midcon, LLC* | *Confluence DJ, LLC* |
| Signature: _[signature]_ | Signature: _____ |
| Name: _Benjamin E. Russ_ | Name: _____ |
| Position: _General Counsel_ | Position: _____ |
| Date: _3/9/26_ | Date: _____ |

*[Remainder of page intentionally left blank.]*

**DEFENDANTS:**

| *Trinity Petroleum Management, LLC* <br><br> Signature: _____ <br><br> Name: _____ <br><br> Position: _____ <br><br> Date: _____ | *Rimrock Resource Operating, LLC* <br><br> Signature: _____ <br><br> Name: _____ <br><br> Position: _____ <br><br> Date: _____ |
|---|---|
| *Validus Energy II Midcon, LLC* <br><br> Signature: _____ <br><br> Name: _____ <br><br> Position: _____ <br><br> Date: _____ | *Confluence DJ, LLC* <br><br> Signature: _____ <br><br> Name: Curtis Emerson _____ <br><br> Position: Chief Financial Officer _____ <br><br> Date: 3/10/2026 _____ |

*[Remainder of page intentionally left blank.]*

44

# EXHIBIT A

*Warner, et al. v. Trinity Petroleum Management, LLC, et al.*
Case No. 1:25-cv-00748
District Court for the District of Colorado

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

| **Your claim must be submitted online or postmarked by: [Claims Deadline]** | | **Your claim must be submitted online or postmarked by: [Claims Deadline]** |
| --- | --- | --- |

---

### GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024."

**Excluded from the Settlement Class** are: (1) Defendants and their officers, directors, and related companies; (2) governmental entities; and (3) the Judge in this case, and the Judge's family and staff.

**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**

---

### AVAILABLE BENEFITS

A number of different benefits have been agreed to be paid to Settlement Class Members on behalf of Defendants. All Settlement Class Members may claim **Credit Monitoring** and/or one or more of the **Cash Payment** options. The benefits are explained in more detail below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in three years of CyEx Identity Defense Complete. This comprehensive service comes with $1 million in identity theft insurance, and includes:

- real time monitoring of your credit file
- dark web scanning
- comprehensive public records monitoring

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

> **Reimbursement for Document Losses.** If you incurred actual, underlined documented out-of-pocket losses due to the Data Security Incident, you can receive reimbursement up to **$5,000.00**. The losses must have occurred between October 10, 2024, and [Claims Deadline].
>
> This benefit covers out-of-pocket expenses like:
>
> - losses because of identity theft or fraud
> - fees for credit reports, credit monitoring, or freezing and unfreezing your credit
> - cost to replace your IDs
> - postage to contact banks by mail

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Warner, et al. v. Trinity Petroleum Management, LLC, et al.*
Case No. 1:25-cv-00748
District Court for the District of Colorado

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by:**
[Claims Deadline]

**Your claim must be submitted online or postmarked by:**
[Claims Deadline]

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Compensation for Lost Time.** Class Members who spent time responding to the Data Security Incident may claim up to four hours, at **$25.00 per hour**, for a maximum of **$100.00**.

You must have spent the time on tasks related to the Data Security Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Security Incident

**Alternative Cash Payment.** *Instead of any other cash payment option*, you may claim a one-time **$55.00** cash payment. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Trinity Petroleum Data Security Incident Settlement
            c/o Settlement Administrator
            [PO Box Number]
            Santa Ana, CA 92799-9958

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT**
**www.[SettlementWebsite].com**

You may also print out and complete this Claim Form and submit it by U.S. mail.

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

**You must submit your Claim Form online, by mail, or by email no later than [Claims Deadline].**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td rowspan="2"><strong>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]</strong></td><td><strong><em>Warner, et al. v. Trinity Petroleum Management, LLC, et al.</em></strong><br>Case No. 1:25-cv-00748<br>District Court for the District of Colorado</td><td rowspan="2"><strong>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]</strong></td></tr>
<tr><td><strong>DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM</strong></td></tr>
</table>

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly.**

First Name                                           Last Name

Street Address

City                                           State                             Zip Code

Email Address                                  Phone Number              Notice ID (if known)

## II. CREDIT MONITORING

☐  Check this box if you would like to enroll in three years of Credit Monitoring from CyEx Identity Defense Complete.

## III. REIMBURSEMENT FOR EXTRAORDINARY LOSSES

☐  Check this box if you would like to claim reimbursement for <u>documented</u> out-of-pocket expenses. You can receive a reimbursement  up to $5,000.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| *Description of Documentation Provided* | *Amount* |
|---|---|
| *Example: Fee for credit report* | *$40* |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td><td>

*Warner, et al. v. Trinity Petroleum Management, LLC, et al.*
Case No. 1:25-cv-00748
District Court for the District of Colorado

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td></tr>
</table>

## IV. COMPENSATION FOR LOST TIME

If you spent time fixing problems caused by Data Security Incident, please select how many hours (up to four) you spent.

I spent (select only **one**):  ☐ 1 hour ($25.00)   ☐ 2 hours ($50.00)   ☐ 3 hours ($75.00)
☐ 4 hours ($100.00)

## V. ALTERNATIVE CASH PAYMENT

☐ Check this box if you want to claim a one-time $55.00 cash payment.

**DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION III AND/OR IV**.

## VI. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1:_____

☐ **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Warner, et al. v. Trinity Petroleum Management, LLC, et al.*
Case No. 1:25-cv-00748
District Court for the District of Colorado

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by:**
[**Claims Deadline**]

**Your claim must be submitted online or postmarked by:**
[**Claims Deadline**]

## VII.  ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____          _____          _____
Signature                                       Printed Name                                     Date

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# EXHIBIT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Warner, et al. v. Trinity Petroleum Management, LLC, et al*.
Case No. 1:25-cv-00748
District Court for the District of Colorado

> **IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE OCTOBER 2024 <u>TRINITY PETROLEUM MANAGEMENT, LLC</u>, DATA SECURITY INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with Trinity Petroleum Management, LLC ("Trinity"), Rimrock Resource Operating, LLC ("Rimrock"), Confluence DJ, LLC ("Confluence"), and Validus Energy II Midcon, LLC ("Validus") (collectively, "Defendants") in a class action lawsuit.

- This case is about the targeted cyberattack on Trinity 's computer systems that occurred in October 2024 (the "Data Security Incident"). Certain files that contained private information were accessed. These files may have contained personal information such as names; addresses; and Social Security numbers.

- The lawsuit is called *Warner, et al. v. Trinity Petroleum Management, LLC, et al.*, Case No. 1:25-cv-00748. It is pending in the District Court for the District of Colorado (the "Litigation").

- Defendants deny they did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- Defendants' records indicate that you are a Class Member and entitled to benefits under the Settlement. You may have received a previous notice directly from Trinity.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

1

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | **No Deadline** |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .................................................................................................................3

WHO IS IN THE SETTLEMENT ...................................................................................................4

THE SETTLEMENT BENEFITS  ..................................................................................................4

SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ................................................5

THE LAWYERS REPRESENTING YOU ......................................................................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................................6

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ....................................................7

THE COURT'S FINAL APPROVAL HEARING .............................................................................9

IF I DO NOTHING ......................................................................................................................9

GETTING MORE INFORMATION ...............................................................................................9

# Basic Information

## 1. Why was this Notice issued?

The District Court for the District of Colorado authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Warner, et al. v. Trinity Petroleum Management, LLC, et al.*, Case No. 1:25-cv-00748. It is pending in the District Court for the District of Colorado. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the companies they sued—Trinity, Rimrock, Confluence, and Validus—are called the "Defendants."

## 2. What is this lawsuit about?

This lawsuit alleges that during the October 2024 targeted cyberattack on Trinity 's computer systems, certain files that contained private information were accessed. These files may have contained personal information such as names; addresses; and Social Security numbers.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representatives are William D. Warner; Amber Lacy; Riley Langdon; Whitney Paige Putnam; Stephen Kyle Voss; and Todd Williford. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiffs or the Defendants are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) Defendants and their officers, directors, and related companies; (2) governmental entities; and (3) the Judge in this case, and the Judge's family and staff.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Trinity Petroleum Data Security Incident Settlement
            c/o Settlement Administrator
            [PO Box Number]
            Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

A number of different benefits have been agreed to be provided to Settlement Class Members on behalf of Defendants. All Settlement Class Members may claim **Credit Monitoring** and/or one or more of the **cash payment** options. The benefits are explained in more detail below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in three (3) years of CyEx Identity Defense Complete. This comprehensive service comes with $1 million in identity theft insurance, and includes:

- real time monitoring of your credit file
- dark web scanning
- comprehensive public records monitoring

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Reimbursement for Document Losses.** If you incurred actual, documented out-of-pocket losses due to the Data Security Incident, you can receive a reimbursement up to **$5,000.00**. The losses must have occurred between October 10, 2024, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud

4

- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

**You need to send proof, like bank statements or receipts, to show how much you spent or lost**. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Compensation for Lost Time.** Class Members who spent time responding to the Data Security Incident may claim up to four hours, at **$25.00 per hour**, for a maximum of **$100.00**.

You must have spent the time on tasks related to the  Data Security Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the  Data Security Incident

**Alternative Cash Payment.** *Instead of any other cash payment option*, you may claim a one-time **$55.00** cash payment. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:   Trinity Petroleum Data Security Incident Settlement
       c/o Settlement Administrator
       [PO Box Number]
       Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against Defendants about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section XI) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

## Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

Trinity Petroleum Data Security Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 18)**. If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP; and Marc H. Edelson of Edelson Lechtzin, LLP, to represent you and other Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $350,000.00 as reasonable attorneys' fees and costs of litigation. This amount will be paid by one of the Defendants.

Class Counsel will also ask for Service Award payments of $2,500.00 for each of the Class Representatives. Service Award payments will also be paid by one of the Defendants, separate and apart from the benefits made available to the Settlement Class.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion and is sometimes also called "opting out." If you opt out, you will not receive

Settlement benefits or payment. However, you will keep any rights you may have to sue Defendants on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1)  the name of the Litigation: *Warner, et al. v. Trinity Petroleum Management, LLC, et al.*, Case No. 1:25-cv-00748, pending in the District Court for the District of Colorado;

(2)  your full name, mailing address, telephone number, and email address;

(3)  personal signature; and

(4)  the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

Trinity Petroleum Data Security Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1)  the name of the Litigation: *Warner, et al. v. Trinity Petroleum Management, LLC, et al.*, Case No. 1:25-cv-00748, pending in the District Court for the District of Colorado;

(2)  your full name, mailing address, telephone number, and email address;

(3)  a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(4)  if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

7

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

(5)    if you or your lawyer have objected in any other cases in the past five years, list the names, courts, the orders ruling on your objections, and civil action numbers for each of those cases;

(6)    if you plan on calling witnesses or submitting documents at the Final Approval Hearing, provide a full list of both;

(7)    your signature (if you have hired your own lawyer, their signature is not sufficient).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [OBJECTION DATE]. You must also send a copy of the objection to the Settlement Administrator, Class Counsel, and counsel for Defendants.

| Clerk of the Court | Settlement Administrator |
| --- | --- |
| Clerk of the Court<br>[Court Address] | Trinity Petroleum Data Security Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

| Class Counsel | Counsel for Defendants |
| --- | --- |
| William B. Federman<br>**FEDERMAN & SHERWOOD**<br>10205 North Pennsylvania Avenue<br>Oklahoma City, OK  73120<br><br>Tyler J. Bean<br>**SIRI & GLIMSTAD LLP**<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br><br>Marc H. Edelson<br>**EDELSON LECHTZIN, LLP**<br>411 S. State Street, Suite N-300<br>Newtown, PA 18940 | Daniel S. Marvin<br>**KENNEDYS CMK LLP**<br>22 Vanderbilt Avenue, Suite 2400<br>New York, NY 10017<br><br>Joshua A. Mooney<br>**KENNEDYS CMK LLP**<br>1600 Market Street, Suite 1410<br>Philadelphia, PA 19103<br><br>Joe Daniels<br>**TAFT**<br>675 Fifteenth Street, Suite 2300<br>Denver, CO 80202<br><br>Joshua A. Norris<br>Nicole M. Duarte<br>**THE NORRIS FIRM PC**<br>24 Greenway Plaza, Suite 1800<br>Houston, TX 77046<br><br>Joseph Salvo<br>John Mills<br>**GORDON & REES LLP**<br>1 Battery Park Plaza, 28th Floor<br>New York, NY 10004 |

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date] at [Hearing Time] Mountain Time**, in Room [Court Room] of the District Court for the District of Colorado, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award Service Award payments to the Class Representatives. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Trinity Petroleum Data Security Incident Settlement
            c/o Settlement Administrator
            [PO Box Number]
            Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address]. **DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# EXHIBIT C

Trinity Petroleum Data Security Incident
Settlement
c/o Settlement Administrator
P.O. Box _____

First-Class
Mail
US Postage
Paid
Permit #__

*Warner, et al. v. Trinity Petroleum
Management, LLC, et al.*
Case No. 1:25-cv-00748

**IF YOUR PRIVATE INFORMATION WAS
COMPROMISED IN THE OCTOBER 2024
<u>TRINITY PETROLEUM MANAGEMENT, LLC,</u>
DATA SECURITY INCIDENT, A PROPOSED
CLASS ACTION SETTLEMENT MAY AFFECT
YOUR RIGHTS AND ENTITLE YOU TO
BENEFITS AND A <u>CASH PAYMENT</u>.**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**THIS NOTICE IS ONLY A SUMMARY.
VISIT WWW.[SETTLEMENTWEBSITE].COM
OR SCAN THIS QR CODE
FOR COMPLETE INFORMATION.**

QR code

**Why am I receiving this notice?**

A Settlement has been reached with Trinity Petroleum Management, LLC ("Trinity Petroleum") and others in a class action lawsuit ("Settlement"). The case is about the October 2024 cyberattack on Trinity Petroleum's computers (the "Data Security Incident"). Files containing private information may have been accessed. Defendants deny they did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement Agreement is available online.

**Who is included in the Settlement?**

The Court has defined the class as: "All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024."

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class.

**What are the Settlement benefits?**

You can claim 3 years of **Credit Monitoring** by a credit bureau and one or more **cash payment** options.

If you have <u>documented</u> losses you can receive reimbursement up to **$5,000** for out-of-pocket expenses and fraud or identity theft losses.

If you spent time fixing problems caused by this incident, you can receive a reimbursement of $25 per hour for up to 4 hours (up to **$100**).

*Instead of any other cash payment option*, you can get a one-time **$55** payment.

Full details and instructions are available online.

**How do I receive a benefit?**

File your claim online. Alternatively, for a paper Claim Form, call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

**What if I don't want to participate in the Settlement?**

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue Defendants for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court approve the Settlement?**

The Court will hold a hearing in this case on **[FA Hearing Date/Time]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs of up to $350,000, and $2,500 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

www.[SettlementWebsite].com

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **WILLIAM D. WARNER, AMBER LACY, RILEY LANGDON, WHITNEY PAIGE PUTNAM, STEPHEN KYLE VOSS**, and **TODD WILLIFORD**, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRINITY PETROLEUM MANAGEMENT, LLC, RIMROCK RESOURCE OPERATING, LLC, CONFLUENCE DJ, LLC**, and **VALIDUS ENERGY II MIDCON, LLC**,<br><br>Defendants. | Case No. 1:25-cv-00748-SKC-NRN |

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. ___) (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendants (ECF No. ___).[1]

Having fully considered the Motion, the Court **GRANTS** the Motion and **ORDERS** as follows:

## I.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

The Settlement Agreement provides for a Settlement Class defined as follows:

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise set forth herein.

1

All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024.

Excluded from the Settlement Class are: (i) all persons who are directors and officers of Defendants; (ii) governmental entities; and (iii) the Judge assigned to the present action, that Judge's immediate family, and Court staff.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice of the proposed Settlement is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule23(b)(3). Specifically, the Court finds for settlement purposes that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (ii) there are issues of law and fact that are common to the Settlement Class; (iii) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (iv) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this litigation on behalf of the Settlement Class; (v) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual

2

members; and (vi) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this litigation

## II.    SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

The Court finds that Plaintiffs William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Tyler J. Bean of Siri & Glimstad LLP, Marc H. Edelson of Edelson Lechtzin, LLP, and William B. Federman of Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

## III.    PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement's equitable treatment of the Settlement Class Members, and all of the other factors required by Rule 23 and relevant case law.

## IV.   JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## V.   FINAL APPROVAL HEARING

A Final Approval Hearing shall be held at __:____ a.m./p.m. Mountain Time on _____, 2026, at the Alfred A. Arraj Courthouse, located at 901 19th Street, Denver, Colorado 80294, Court Room A601, where the Court will determine, among other things, whether: (i) this litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (ii) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (iii) this litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iv) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; and (v) Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards should be approved.

## VI.   SETTLEMENT ADMINISTRATOR

The Court appoints Simpluris, Inc. as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires.

The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

## VII.    NOTICE OF THE SETTLEMENT

The proposed Notice Program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with all parties, but without further order of the Court.

## VIII.    FINDINGS CONCERNING NOTICE

The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Notice Program and the Settlement Agreement and its exhibits: (i) will constitute the best practicable notice to the Settlement Class; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (iv) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (v) and meet the requirements of the Due Process Clause(s) of the United States and Colorado Constitutions. The Court further finds that the Notice provided for in the Settlement

Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

## IX. CLASS ACTION FAIRNESS ACT NOTICE

Within ten (10) days after the filing of the Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## X. EXCLUSION FROM THE SETTLEMENT CLASS

A Settlement Class Member may opt-out of the Settlement Class at any time on or before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and a statement indicating a request to be excluded from the Settlement Class.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion.

If a Final Approval Order is entered, all Settlement Class Members who do not timely and validly request to opt-out shall be bound by the terms of the Settlement Agreement even if that Settlement Class Member did not submit a Valid Claim.

Further, all persons who submit valid and timely notices of their intent to be excluded from the Settlement Class will not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

## XI.    OBJECTIONS TO THE SETTLEMENT AND APPEARANCES

A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Postcard Notice and Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline."

Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded himself/herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

7

For an objection to be considered by the Court, the objection must also set forth:

a. the objector's full name, mailing address, telephone number, and email address (if any);

b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c. the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards, and whether each counsel will appear at the Final Approval Hearing;

e. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate

8

courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years;

f. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

g. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

h. the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel. A separate objection must be submitted for each objector, complying with the requirements set forth in this paragraph.

Notwithstanding the foregoing, any Settlement Class Member who timely submits a written notice of objection and attends the Final Approval Hearing may state their objection at that time, subject to the Court's approval.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the litigation. The provisions stated in the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement or the Final Approval Order to be entered upon final approval

9

shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## XII.    CLAIM SUBMISSION PROCESS

Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order, including the releases contained therein.

## XIII.    TERMINATION OF SETTLEMENT

This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (i) Settlement is not

finally approved by the Court or is terminated in accordance with the Settlement

Agreement; (ii) there is no effective date; or (iii) otherwise consistent with the terms

of the Settlement Agreement. In such event: (i) the parties shall be restored to their

respective positions in the litigation and shall jointly request that all scheduled

litigation deadlines be reasonably extended by the Court so as to avoid prejudice to

any party or party's counsel; (ii) the terms and provisions of the Settlement

Agreement shall have no further force and effect with respect to the parties and shall

not be used in the litigation or in any other proceeding for any purpose; and (iii) any

judgment or order entered by the Court in accordance with the terms of the

Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

## XIV.    USE OF ORDER

This Preliminary Approval Order shall be of no force or effect if the Final

Approval Order is not entered or there is no effective date and shall not be construed

or used as an admission, concession, or declaration by or against Defendants of any

fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be

construed or used as an admission, concession, or declaration by or against the Class

Representatives or any other Settlement Class Member that his or her claims lack

merit or that the relief requested is inappropriate, improper, unavailable, or as a

waiver by any party of any defense or claims they may have in this litigation or in

any other lawsuit.

11

## XV.     CONTINUANCE OF HEARING

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

## XVI.     STAY OF LITIGATION

All proceedings in the litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, all Settlement Class Members are provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims pending Final Approval of the Settlement Agreement.

## XVII.     CONTINUING JURISDICTION

For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings to ensure effectuation thereof in accordance with the settlement preliminarily approved herein and the related orders of this Court.

## XVIII.     SCHEDULE AND DEADLINES

The Court orders the following schedule of dates for the specified actions/further proceedings:

12

## SETTLEMENT TIMELINE

| Event | Deadline |
|---|---|
| **Notice Deadline** | 30 days after the entry of the Preliminary Approval Order |
| **Motion for Attorneys' Fees, Costs, and Service Awards** | 14 days before the Objection and Opt-Out Deadlines |
| **Objection Deadline** | 60 days after Notice Deadline |
| **Opt-Out Deadline** | 60 days after Notice Deadline |
| **Claims Deadline** | 60 days after Notice Deadline |
| **Motion for Final Approval of Class Action Settlement** | 14 days before the Final Approval Hearing |
| **Final Approval Hearing** (to be scheduled by the Court at least 100 days after the entry of the Preliminary Approval Order) | _____, 2026 at ___:_____ a.m./p.m. Mountain Time |

**IT IS SO ORDERED.**

Date: _____

_____
UNITED STATES DISTRICT COURT JUDGE

13

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **WILLIAM D. WARNER, AMBER LACY, RILEY LANGDON, WHITNEY PAIGE PUTNAM, STEPHEN KYLE VOSS**, and **TODD WILLIFORD**, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRINITY PETROLEUM MANAGEMENT, LLC, RIMROCK RESOURCE OPERATING, LLC, CONFLUENCE DJ, LLC**, and **VALIDUS ENERGY II MIDCON, LLC**,<br><br>Defendants. | Case No. 1:25-cv-00748-SKC-NRN |

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. ___) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. ___) (together, the "Motions").[1]

**WHEREAS**, on _____, 2026, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") (ECF No. __) which, among other things: (i) conditionally certified this matter as a class action for settlement purposes only, including defining the

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise set forth herein.

1

Settlement Class and class claims; (ii) appointed Plaintiffs as the Class Representatives and appointed Tyler J. Bean of Siri & Glimstad LLP, Marc H. Edelson of Edelson Lechtzin, LLP, and William B. Federman of Federman & Sherwood as Class Counsel; (iii) preliminarily approved the Settlement Agreement; (iv) approved the form and manner of Notice to the Settlement Class; (v) set deadlines for opt-outs and objections; (vi) approved and appointed the Settlement Administrator; and (vii) set the date for the Final Approval Hearing.

**WHEREAS**, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right to opt-out, and the right to object to the Settlement Agreement and to be heard at the Final Approval Hearing.

**WHEREAS**, on _____, 2026, the Court held a Final Approval Hearing to determine, *inter alia*: (i) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (ii) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the

2

proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representatives.

**WHEREAS**, the Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement.

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the proposed Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class; having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order; having heard the presentation of Class Counsel and counsel for Defendants; having reviewed all of the submissions presented with respect to the proposed Settlement Agreement; having determined that the Settlement Agreement is fair, adequate, and reasonable; having considered the Motions and having reviewed the materials in support thereof, and good cause appearing:

The Court **GRANTS** the Motions and **ORDERS** as follows:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint against Defendants for their alleged failure to implement or maintain adequate data security measures and safeguards to protect personally

3

identifiable information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.    The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4.    The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order only, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024.

Excluded from the Settlement Class are: (i) all persons who are directors and officers of Defendants; (ii) governmental entities; and (iii) the Judge assigned to the present action, that Judge's immediate family, and Court staff.

5.    The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of

4

continuing the present action in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

6.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.   Settlement Administration as outlined in the Settlement Agreement whereby Participating Settlement Class Members can submit claims that will be evaluated by a Settlement Administrator.

b.   Payment of all costs of Settlement Administration by Trinity on behalf of Defendants.

c.   Subject to the approval and award of the Court, payment by Trinity on behalf of Defendants of the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Awards to the Class Representatives.

7.      The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice

5

of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.     The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10.     The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out Deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit 1** to this Final Approval Order. Those persons are not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

6

12.    As of the Objection Deadline, _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

13.    All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.    The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and the terms of the Settlement Agreement.

16.    Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various participating Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17.    Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Participating Settlement Class Members hereby fully and

irrevocably release and forever discharge the Released Claims against the Released

Parties, as defined in the Settlement Agreement.

18. The Court grants final approval of the appointment of Plaintiffs as Class

Representatives. The Court concludes that the Class Representatives have fairly and

adequately represented the Settlement Class and will continue to do so.

19. Pursuant to the Settlement Agreement, and in recognition of their

efforts on behalf of the Settlement Class, the Court approves a payment to the Class

Representatives—William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige

Putnam, Stephen Kyle Voss, and Todd Williford—in the amount of $2,500.00 each as

a Service Award. Defendants shall make such payment in accordance with the terms

of the Settlement Agreement.

20. The Court grants final approval to the appointment of Tyler J. Bean of

Siri & Glimstad LLP, Marc H. Edelson of Edelson Lechtzin, LLP, and William B.

Federman of Federman & Sherwood as Class Counsel. The Court concludes that

Class Counsel have adequately represented the Settlement Class and will continue

to do so.

21. The Court, after careful review of the Motion for Attorneys' Fees, Costs,

and Service Awards filed by Class Counsel, and after applying the appropriate

standards required by relevant case law, hereby grants Class Counsel's Motion for

Attorneys' Fees, Costs, and Service Awards and in the amount of $350,000.00.

Payment shall be made pursuant to the terms of the Settlement Agreement.

8

22.    This Final Approval Order and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants' or of the validity or certifiability for Action of any claims that have been, or could have been, asserted in the lawsuit. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect on, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order that are maintained by, or on behalf of, any

9

Settlement Class Member or any other person subject to the provisions of this Final Approval Order.

23.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*; and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines in the present action be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Trinity will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Settlement Administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the present action.

24.     This Court shall retain and reserve jurisdiction over: (i) implementation of this Settlement; (ii) the present action, until the Effective Date, and until each and

10

every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; (iii) all Parties, for the purpose of enforcing and administering the Settlement; and (iv) any purpose(s) necessary to protect its jurisdiction from any action, whether in state or federal court.

25.    Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

26.    Upon the entry of this Final Approval Order, with the exception of the Parties' implementation of the Settlement and the approval process in this Action, all Participating Settlement Class Members shall be enjoined and barred from asserting any claims or continuing any Action against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims.

27.    This Order resolves all claims against all Parties in this action and is a final order.

28.    The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

Date: _____

_____
UNITED STATES DISTRICT COURT JUDGE

11