**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **WILLIAM D. WARNER, AMBER LACY, RILEY LANGDON, WHITNEY PAIGE PUTNAM, STEPHEN KYLE VOSS**, and **TODD WILLIFORD**, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRINITY PETROLEUM MANAGEMENT, LLC, RIMROCK RESOURCE OPERATING, LLC, CONFLUENCE DJ, LLC**, and **VALIDUS ENERGY II MIDCON, LLC**,<br><br>Defendants. | Case No. 1:25-cv-00748-SKC-NRN |

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of

Class Action Settlement (ECF No. 61) (the "Motion"), the terms of which are set forth

in a Settlement Agreement between Plaintiffs and Defendants (ECF No. 61-4).[1]

Having fully considered the Motion, the Court **GRANTS** the Motion and

**ORDERS** as follows:

## I.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

The Settlement Agreement provides for a Settlement Class defined as follows:

_____

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise set forth herein.

1

All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024.

Excluded from the Settlement Class are: (i) all persons who are directors and officers of Defendants; (ii) governmental entities; and (iii) the Judge assigned to the present action, that Judge's immediate family, and Court staff.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice of the proposed Settlement is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule23(b)(3). Specifically, the Court finds for settlement purposes that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (ii) there are issues of law and fact that are common to the Settlement Class; (iii) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (iv) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this litigation on behalf of the Settlement Class; (v) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual

members; and (vi) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this litigation

## II.    SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

The Court finds that Plaintiffs William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Tyler J. Bean of Siri & Glimstad LLP, Marc H. Edelson of Edelson Lechtzin, LLP, and William B. Federman of Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

## III.    PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement's equitable treatment of the Settlement Class Members, and all of the other factors required by Rule 23 and relevant case law.

3

## IV.    JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## V.    FINAL APPROVAL HEARING

A Final Approval Hearing shall be held at 10:00 a.m. Mountain Time on July 20, 2026, at the Alfred A. Arraj Courthouse, located at 901 19th Street, Denver, Colorado 80294, Court Room A601, where the Court will determine, among other things, whether: (i) this litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (ii) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (iii) this litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iv) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; and (v) Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards should be approved.

## VI.    SETTLEMENT ADMINISTRATOR

The Court appoints Simpluris, Inc. as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

## VII.    NOTICE OF THE SETTLEMENT

The proposed Notice Program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with all parties, but without further order of the Court.

## VIII.    FINDINGS CONCERNING NOTICE

The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Notice Program and the Settlement Agreement and its exhibits: (i) will constitute the best practicable notice to the Settlement Class; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (iv) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (v) and meet the requirements of the Due Process Clause(s) of the United States and Colorado Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

5

The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

## IX.    CLASS ACTION FAIRNESS ACT NOTICE

Within ten (10) days after the filing of the Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## X.    EXCLUSION FROM THE SETTLEMENT CLASS

A Settlement Class Member may opt-out of the Settlement Class at any time on or before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and a statement indicating a request to be excluded from the Settlement Class.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion.

If a Final Approval Order is entered, all Settlement Class Members who do not timely and validly request to opt-out shall be bound by the terms of the Settlement Agreement even if that Settlement Class Member did not submit a Valid Claim. Further, all persons who submit valid and timely notices of their intent to be excluded

6

from the Settlement Class will not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

## XI.    OBJECTIONS TO THE SETTLEMENT AND APPEARANCES

A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Postcard Notice and Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline."

Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded himself/herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

For an objection to be considered by the Court, the objection must also set forth:

a. the objector's full name, mailing address, telephone number, and email address (if any);

b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c. the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards, and whether each counsel will appear at the Final Approval Hearing;

e. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or

8

counsel's law firm have objected to a class action settlement within the preceding five (5) years;

f.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

g.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

h.  the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel. A separate objection must be submitted for each objector, complying with the requirements set forth in this paragraph.

Notwithstanding the foregoing, any Settlement Class Member who timely submits a written notice of objection and attends the Final Approval Hearing may state their objection at that time, subject to the Court's approval.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the litigation. The provisions stated in the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement or the Final Approval Order to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

9

## XII.    CLAIM SUBMISSION PROCESS

Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order, including the releases contained therein.

## XIII.    TERMINATION OF SETTLEMENT

This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (i) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (ii) there is no effective date; or (iii) otherwise consistent with the terms

of the Settlement Agreement. In such event: (i) the parties shall be restored to their respective positions in the litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any party or party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the parties and shall not be used in the litigation or in any other proceeding for any purpose; and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

## XIV.    USE OF ORDER

This Preliminary Approval Order shall be of no force or effect if the Final Approval Order is not entered or there is no effective date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this litigation or in any other lawsuit.

## XV.    CONTINUANCE OF HEARING

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted

11

on the Settlement Website maintained by the Settlement Administrator. The Court

may approve the Settlement, with such modifications as may be agreed upon by the

parties, if appropriate, without further notice to the Settlement Class.

## XVI. STAY OF LITIGATION

All proceedings in the litigation, other than those related to approval of the

Settlement Agreement, are hereby stayed. Further, all Settlement Class Members

are provisionally enjoined and barred from asserting any claims or continuing any

litigation against Defendants and the Released Parties arising out of, relating to, or

in connection with the Released Claims pending Final Approval of the Settlement

Agreement.

## XVII. CONTINUING JURISDICTION

For the benefit of the Settlement Class and to protect this Court's jurisdiction,

this Court retains continuing jurisdiction over the settlement proceedings to ensure

effectuation thereof in accordance with the settlement preliminarily approved herein

and the related orders of this Court.

## XVIII. SCHEDULE AND DEADLINES

The Court orders the following schedule of dates for the specified actions/further

proceedings:

### SETTLEMENT TIMELINE

| Event | Deadline |
|---|---|
| **Notice Deadline** | 30 days after the entry of the Preliminary Approval Order |
| **Motion for Attorneys' Fees, Costs, and Service Awards** | 14 days before the Objection and Opt-Out Deadlines |

| | |
|---|---|
| **Objection Deadline** | 60 days after Notice Deadline |
| **Opt-Out Deadline** | 60 days after Notice Deadline |
| **Claims Deadline** | 60 days after Notice Deadline |
| **Motion for Final Approval of Class Action Settlement** | 14 days before the Final Approval Hearing |
| **Final Approval Hearing** (to be scheduled by the Court at least 100 days after the entry of the Preliminary Approval Order) | July 20, 2026, at 10:00 a.m. Mountain Time |

**IT IS SO ORDERED.**

Date: March 31, 2026.

BY THE COURT:

**S. Kato Crews**
**U.S. District Judge**

13