**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**WILLIAM D. WARNER, AMBER LACY, RILEY LANGDON, WHITNEY PAIGE PUTNAM, STEPHEN KYLE VOSS**, and **TODD WILLIFORD**, on behalf of themselves, and on behalf of all others similarly situated,

Plaintiffs,

v.

**TRINITY PETROLEUM MANAGEMENT, LLC, RIMROCK RESOURCE OPERATING, LLC, CONFLUENCE DJ, LLC**, and **VALIDUS ENERGY II MIDCON, LLC**,

Defendants.

Case No. 1:25-cv-00748-SKC

Hon. Judge S. Kato Crews

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 5

II. SUMMARY OF SETTLEMENT TERMS ..... 6

A. Settlement Class ..... 6

B. Settlement Benefits ..... 7

C. Service Awards, Attorneys' Fees, and Litigation Expenses ..... 7

D. Summary of the Notice Program ..... 8

1. Exclusions and Objections. ..... 9

2. Claim Activity. ..... 10

III. LEGAL STANDARD ..... 10

A. The Court Should Finally Certify the Class for Settlement Purposes. ..... 10

3. The Court Should Find the Settlement is Fair, Reasonable, and Adequate ..... 12

IV. CONCLUSION ..... 15

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Beasley v. TTEC Servs. Corp.*,
No. 22-CV-00097-PAB-STV, 2024 WL 710411 (D. Colo. Feb. 21, 2024).........Passim

*Brown v. Phillips Petroleum Co.*,
838 F.2d 451 (10th Cir. 1988)....................15

*Gordon v. Chipotle Mexican Grill, Inc.*,
No. 17-CV-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) .......14, 15

*In re Molycorp, Inc. Sec. Litig.*,
No. 12-cv-292, 2017 WL 4333997 (D. Colo. Feb. 15, 2017) ....................13

*Johnson v. Georgia Highway Express, Inc.*,
488 F.2d 714 (5th Cir. 1974)....................15

*Pan v. Atlas Real Est. Grp. LLC*,
No. 23-CV-00910-DDD-KAS, 2024 WL 5678049 (D. Colo. Nov. 7, 2024).........13, 14

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
314 F.3d 1180 (10th Cir. 2002)....................12

Plaintiffs,[1] individually and on behalf of all others similarly situated, respectfully move pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), for final approval of a class action settlement (the "Settlement") between themselves and Defendants[2] (together with Plaintiffs, the "Parties"),[3] final certification of the Settlement Class pursuant to Rule 23, approval of the Motion for Attorneys' Fees, Costs, and Service Awards, and for entry of the Order and Final Judgment. The Settlement, if finally approved, will resolve Plaintiffs' claims and will provide meaningful monetary and non-monetary relief to Settlement Class Members whose personally identifiable information ("PII") may have been compromised in a data breach.

As set forth below, the Settlement satisfies the requirements for final approval under Tenth Circuit law and Rule 23. Furthermore, the notice program comported with due process. After the Court's Order granting preliminary approval, (*see* ECF No. 63) the Parties engaged in a robust notice program to the Settlement Class with direct mail notices provided to the approximately 44,721 Settlement Class Members. The Claims Deadline, Objection Deadline and Opt-Out Deadline expired on June 29,

---

[1] "Plaintiffs" collectively refers to William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford.

[2] Defendants" collectively refers to Trinity Petroleum Management, LLC ("Trinity"), Rimrock Resource Operating, LLC ("Rimrock"), Confluence DJ, LLC ("Confluence"), and Validus Energy II Midcon, LLC ("Validus").

[3] Unless otherwise noted herein, all capitalized terms shall have the meaning ascribed to them in the Settlement Agreement ("SA") (ECF No. 61-4) attached as **Exhibit 4** to the Declaration of Class Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Class Counsel MPA Decl.").

2026. *See* Declaration of Simpluris Inc. ("Simpluris Decl.") ¶¶ 14, 19, 21. Currently, there are no objections and only two requests to opt-out of the settlement. *Id.* ¶¶ 20, 22. On the other hand, over 1,053 individuals have submitted a claim to receive a benefit under the Settlement. *Id.* ¶ 14. Accordingly, all relevant factors weigh in favor of final approval of the Settlement.

## I. <u>INTRODUCTION</u>

This Settlement provides meaningful relief in the form of significant monetary and non-monetary benefits to Settlement Class Members who choose to take advantage of the Settlement. This represents an excellent result for the Settlement Class and was achieved only after extensive investigation, an exchange of factual discovery, negotiations, and multiple mediation sessions between Plaintiffs and Trinity, on behalf of Defendants, with the assistance of an experienced data privacy mediator, John DeGroote, Esq. of DeGroote Partners. In the interest of brevity and efficiency, Plaintiffs refer the Court to the Statement of Facts, Procedural History, and Settlement Terms as discussed in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 61), the Joint Declaration of Class Counsel in support (ECF No. 61-1), and Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Service Awards ("Fee Motion") filed June 15, 2026 (ECF No. 64).

After this Court granted Preliminary Approval, the Settlement Administrator, at the Parties' direction, disseminated Notice to the Settlement Class in accordance with the Preliminary Approval Order. *See* Simpluris Decl., ¶¶ 6-11. Settlement Notice was provided to Settlement Class Members directly via U.S. Mail. *Id.* Simpluris

reports that the Notice reached approximately 95% of Settlement Class Members. *Id.* ¶ 11. Simpluris also established a Settlement Website where Settlement Class Members could view important deadlines and documents, as well as submit a Claim. *Id.* ¶ 12. Settlement Class Members were able to submit a claim, file an objection, or opt-out of the Settlement by mail or by filing through the Settlement Website. *Id.* ¶¶ 12, 14. This provided the best notice practicable under the circumstances. Thus, the notice program satisfies the requirements of due process and Rule 23.

The Opt-Out and Objection Periods ended on June 29, 2026. *Id.* ¶¶ 19-22. Two Settlement Class Members excluded themselves from the Settlement and there were no objections. *Id.* In sum, the Notice Program and Claims Process have been a success, and nothing has changed since this Court granted Preliminary Approval to alter its preliminary findings. Plaintiffs strongly believe the Settlement is fair, reasonable, adequate, and worthy of Final Approval.

Accordingly, this Court should now finally approve the Settlement.

## II. <u>SUMMARY OF SETTLEMENT TERMS</u>

### A. Settlement Class

The Settlement Class is defined as:

> [A]ll persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024.

SA, ¶ 52. Excluded from the Settlement Class are: (i) all persons who are directors and officers of Defendants; (ii) governmental entities; and (iii) the Judge assigned to

the Action, that Judge's immediate family, and Court staff. *Id.* The Settlement Class is comprised of approximately 44,721 individuals.

### B. Settlement Benefits

The Settlement Agreement provides meaningful relief in the form of significant monetary and non-monetary benefits to Settlement Class Members who choose to take advantage of the Settlement. The Settlement is "uncapped" which means that Trinity will pay all timely and valid claims. *Id.* ¶¶ 58, 85. Further, the Settlement provides that Trinity shall be responsible for all notice and administration costs incurred. *Id.* ¶¶ 63, 85.

Settlement Class Members who submit a Valid Claim are eligible to receive up to $5,000.00 in Documented Losses. *Id.* ¶¶ 59(a)(i)–(ii). Settlement Class Members may also submit a Claim for reimbursement for time spent remedying issues related to the Data Security Incident at a rate of $25.00 per hour, for up to four (4) hours ($100.00 total). *Id.* ¶ 59(b). Alternatively, Settlement Class Members can elect to receive a $55.00 Alternative Cash Payment. *Id.* ¶ 3.1(b). Regardless of the payment option selected, all Settlement Class Members are eligible to submit a claim for three (3) years of one-bureau credit monitoring and identity theft protection services, which will include at least $1,000,000.00 in identity theft insurance. *Id.* ¶ 60. Lastly, Trinity has or will implement data security measures estimated to exceed **$1,400,000.00**. *Id.* ¶ 61; Class Counsel Decl., ECF No. 64-1, ¶¶ 9–10.

### C. Service Awards, Attorneys' Fees, and Litigation Expenses

On June 15, 2026, Plaintiffs filed their Fee Motion. ECF No. 64. Pursuant to the Settlement, Class Counsel seek an award of reasonable attorneys' fees and costs

not to exceed $350,000.00. SA, ¶ 94. Class Counsel also request that the Court approve Service Awards in the amount of $2,500.00 to each Plaintiff, ($15,000.00 total). *Id.* ¶ 93. Plaintiffs' Fee Motion more fully addresses these requests. However, any amounts the Court may approve will ***not*** diminish the benefits to the Settlement Class as Trinity has agreed to pay Fees, Costs and Service Awards separately from the Settlement Class Benefits. *Id.* ¶ 94.

Plaintiffs submit that such awards are fair and reasonable in light of the substantial relief obtained for the Settlement Class considering the risks taken and resources invested in this Action by Class Counsel.

**D. Summary of the Notice Program**

Rule 23(c)(2)(B) requires that for any proposed settlement under Rule 23(b)(3), notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Permissible means of notice include "United States mail, electronic means, or other appropriate means." *Id.*

At the preliminary approval stage, the Court approved the Parties' proposed Notice Program which established the methods utilized to publish Notice to the Settlement Class. The Notice Program consisted of a Postcard Notice, Long Form Notice, Claim Form, the Settlement Website, and a toll-free settlement phone number. SA, ¶¶ 63–74. *See also* ECF No. 63, p. 5; Simpluris Decl., ¶¶ 8-13. On April 15, 2026, Trinity, on Defendants' behalf, provided Simpluris with an electronic file representing the Class Member data ("Settlement Class List"). *Id.* ¶ 6. On April 30, 2026, the Notice Deadline, Simpluris mailed the Settlement Notice to 44,721

individuals with a postmark deadline of June 29, 2026. *Id.* ¶ 9. For the 5,074 notices returned, Simpluris searched for updated address information using the National Change of Address ("NCOA") database maintained by the United States Postal Service and remailed 3,057 notices. *Id.* ¶ 11.

Also on April 30, 2026, Simpluris established the settlement website, https://trinitypetroleumsettlement.com, providing Class Members with copies of all relevant litigation documents and information concerning Class Members' rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and enabling those who chose to participate to electronically file their claims. *Id.* ¶ 12. The Settlement Website appeared in all Notices. *Id.* ¶ 8.

Additionally, Simpluris provided a toll-free number that Settlement Class Members could call to interact with an interactive voice response system that provides important settlement information and allows them to leave a voicemail to address specific requests or issues. *Id.* ¶ 13. Simpluris also provided copies of the Long-Form Notice, paper Claim Form, as well as the Settlement Agreement, upon request to Settlement Class Members, through the Toll-Free Number. *Id.* The Toll-Free Number appeared in all Notices and in multiple locations on the Settlement Website. *Id.*

**1. Exclusions and Objections.**

The last day of the Opt-Out and Objection Periods was June 29, 2026. *Id.* ¶¶ 19, 21. Two Settlement Class Members have sought to exclude themselves from the Settlement and none have objected to it. *Id.*

### 2. Claim Activity.

Simpluris has received a total of 1,053 claims submissions. *Id.* ¶ 14. Of these claims, no Settlement Class Members selected reimbursement for Documented Losses, 21 Settlement Class Members submitted claims for Lost Time, 990 selected the Alternative Cash Payment for a one-time cash payment of $55.00, and 589 selected Credit Monitoring. *Id.* ¶¶ 15-18. Simpluris will continue to analyze claims received or postmarked by the claims filing deadline of June 29, 2026. *Id.* ¶ 14.

## III. LEGAL STANDARD

Court approval is required for class action settlements. Fed. R. Civ. P. 23(e). Final approval requires the Court to determine whether the settlement is fair, reasonable, and adequate and whether the proposed settlement class satisfies Rule 23(a) and (b)(3). *See Beasley v. TTEC Servs. Corp.*, No. 22-CV-097, 2024 WL 710411, at *1–4 (D. Colo. Feb. 21, 2024).

### A. The Court Should Finally Certify the Class for Settlement Purposes.

The Settlement Class continues to satisfy Rule 23(a) and (b)(3), as the Court found in its Order preliminarily approving the settlement. *See* ECF No. 63, p. 2. The Court should find that final certification is appropriate for the same reasons it found preliminary approval was warranted. *See Beasley*, 2024 WL 710411, at *2.

***Numerosity.*** Rule 23(a)(1) requires that a settlement class be "so numerous that joinder of all class members is impracticable." "The Settlement Class consists of approximately 44,721 individuals, making joinder impracticable. *See* ECF No. 63, p. 2.

***Commonality.*** Rule 23(a)(2) requires "questions of law or fact common to the class." The claims arise from the same Data Security Incident and Defendants' allegedly uniform data security practices, presenting common questions capable of classwide resolution. *See Beasley*, 2024 WL 710411, at *2 (finding commonality satisfied in data breach case with similar facts). *See also* ECF No. 63, p. 2.

***Typicality***. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiffs' claims are typical because they arise from the same incident and legal theories as the Class's claims. As such, typicality is satisfied. *Id.*

***Adequacy of Representation.*** Plaintiffs and Class Counsel have "fairly and adequately protect the interests of the class" in accordance with Rule 23(a)(4). Class Counsel have vigorously prosecuted the Action through investigation, informal discovery, mediation, and settlement negotiations. ECF. No. 61-1, ¶¶ 17–19; *Beasley*, 2024 WL 710411, at *2, *5. Accordingly, adequacy is satisfied.

***Predominance and Superiority.*** This Settlement satisfies the Fed. R. Civ. P. 23(b)(3) requirements of predominance and superiority. Predominance is satisfied because liability turns on Defendants' common conduct, including whether they owed and breached duties to safeguard Class Members' PII. *See Beasley*, 2024 WL 710411, at *8 (finding "questions of law or fact predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."); ECF No. 63, p. 2. Superiority is also satisfied because individual damages are likely too small to justify separate litigation,

while this data breach case would require complex, costly proof if litigated individually. *See Beasley*, 2024 WL 710411, at *8; ECF No. 63, p. 2.

### 3. The Court Should Find the Settlement is Fair, Reasonable, and Adequate

The Court must also determine whether the Settlement is fair, reasonable, and adequate under Rule 23(e). In this Circuit, courts consider the *Rutter* factors: whether the settlement was fairly and honestly negotiated; whether serious questions of law and fact place the outcome in doubt; whether immediate recovery outweighs the possibility of future relief after protracted litigation; and the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Rule 23(e)(2) further directs the Court to consider the factors set forth by Fed. R. Civ. P. 23(e)(2). Here, all factors support approval.

#### i. Rule 23(e)(2)(A): the Proposed Class is Adequately Represented

The Class is adequately represented. Class Counsel investigated the claims, reviewed informal discovery, prepared the pleadings, and participated in two mediation sessions overseen by a respected mediator. ECF. No. 61-1, ¶¶ 7–9, 17. Plaintiffs likewise assisted counsel, provided information and documents, remained available throughout the litigation, and monitored the case. *Id.* ¶ 18. *See Beasley*, 2024 WL 710411, at *5.

#### ii. *Rutter* Factor 1 and Rule 23(e)(2)(B): the Settlement was Negotiated at Arm's Length

The Settlement was negotiated at arm's length, without collusion, and with

the assistance of a highly qualified and respected mediator, Mr. DeGroote. ECF. No. 61-1, ¶ 7. Prior to engaging in mediation, Plaintiffs sought and obtained informal discovery on a variety of topics which they thoroughly evaluated to assess the strengths and weaknesses of the case. *Id.* ¶ 8. These factors weigh in favor of granting final approval. *See In re Molycorp, Inc. Sec. Litig.*, No. 12-cv-292, 2017 WL 4333997, at *4 (D. Colo. Feb. 15, 2017) ("Utilization of an experienced mediator during the settlement negotiations supports a finding that the settlement is reasonable, was reached without collusion and should therefore be approved."); *Beasley*, 2024 WL 710411, at *4 (the settlement agreement was the product of arms-length negotiations between the parties.).

**iii. *Rutter* Factor 2 and Rule 23(e)(2)(C)(i): Serious Questions of Law and Fact Exist.**

Plaintiffs faced meaningful litigation risks, including motions to dismiss, class certification, summary judgment, damages challenges, trial, and appeals. Data breach cases are particularly risky, expensive, and complex. *See Pan v. Atlas Real Est. Grp. LLC*, No. 23-cv-0910, 2024 WL 5678049, at *8 (D. Colo. Nov. 7, 2024), *report and recommendation adopted,* No. 23-cv-0910, 2024 WL 5678050 (D. Colo. Dec. 3, 2024); *Beasley*, 2024 WL 710411, at *5; *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019). The Settlement provides substantial guaranteed relief now, avoiding years of uncertain litigation.

**iv. *Rutter* Factor 3 and Rule 23(e)(2)(C): The Relief Provided for the Class.**

The Settlement provides immediate, meaningful relief: reimbursement of Documented Losses up to $5,000; Lost Time payments up to $100; three years of one-

bureau credit monitoring and identity theft protection; or, alternatively, a $55 Alternative Cash Payment. SA, ¶¶ 59–60. Because every timely, valid claim will be paid in full, this recovery outweighs the uncertainty, cost, and delay of continued litigation. *See Beasley*, 2024 WL 710411, at *5; *Pan*, 2024 WL 5678049, at *8. Trinity also has agreed to significant data security enhancements, including a written Information Security Policy Program, additional training, and related controls.

**v. *Rutter* Factor 4, Rule 23(e)(2)(C)(ii), and (D): The Settlement Treats Class Members Equitably and the Proposed Service Awards are Reasonable.**

Class Counsel evaluated the Settlement using informal discovery, their data breach experience, published information concerning data breach and identity theft costs, and comparable settlements. ECF No. 61-1, ¶¶ 9, 13–16. In counsel's judgment, the Settlement provides meaningful relief in light of the risks and compares favorably to potential trial recovery.

The Settlement also treats Class Members equitably. Those who submit documented loss or lost time claims receive payments tied to their supported losses, while all Class Members who elect the Alternative Cash Payment receive the same $55 payment. SA, ¶ 59. The distribution plan is therefore equitable and effective.

Class Counsel have requested Service Awards for the Settlement Class Representatives in the amount of $2,500.00 each. *See Beasley*, 2024 WL 710411, at *7 (approving $2,500 service awards when named plaintiffs were "actively engaged in this action, which included, assisting in the investigation of the case, producing relevant documents, reviewing and approving pleadings, reviewing the Settlement documents, and answering counsel's many questions."); *Gordon*, 2019 WL 6972701,

at *2 (approving request for service awards of $2,500.00 for each Class Representative for their substantial time and effort in prosecuting the instant case is appropriate.”). Thus, Service Awards are appropriate given Plaintiffs’ efforts and participation, and they do not constitute preferential treatment.

#### vi. Rule 23(e)(2)(C)(iii): The Proposed Attorneys’ Fees are Reasonable.

Class Counsel seek attorneys’ fees, costs, and expenses not to exceed $350,000. (ECF No. 64). Plaintiffs’ fee motion addresses Rule 23(h) and the relevant factors, including those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454–55 (10th Cir. 1988).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the Proposed Final Approval Order submitted herewith and: (i) grant final approval of the Settlement as fair, reasonable, and adequate under Rule 23(e); (ii) confirm the certification of the Settlement Class; (iii) find that notice satisfied Rule 23 and due process; (iv) enter final judgment; and (v) award attorneys’ fees, expenses, and service awards as requested.

Date: July 6, 2026

Respectfully submitted,

*/s/ Liberato P. Verderame*

Marc H. Edelson
Liberato P. Verderame
**EDELSON LECHTZIN, LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Phone: 215-867-2399

Tyler J. Bean
**SIRI & GLIMSTAD LLP**
101 Park Avenue
Suite 1300, #16982799
Oklahoma City, OK 73102
Tel: (212) 532-1091
Email: tbean@sirillp.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
Email: wbf@federmanlaw.com

***Settlement Class Counsel***

## CERTIFICATE OF CONFERENCE

Pursuant to LCivR 7.1(a), I, the undersigned, certify that I conferred with counsel for Defendants. Defendants do not oppose the relief sought.

*/s/ Liberato P. Verderame*
Liberato P. Verderame

## CERTIFICATION RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

*/s/ Liberato P. Verderame*
Liberato P. Verderame

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Liberato P. Verderame*
Liberato P. Verderame