IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-00748-SKC-NRN

**WILLIAM D. WARNER,**
**AMBER LACY,**
**RILEY LANGDON,**
**WHITNEY PAIGE PUTNAM,**
**STEPHEN KYLE VOSS**, and
**TODD WILLIFORD**, *on behalf of themselves,*
*and on behalf of all others similarly situated,*

Plaintiffs,

v.

**TRINITY PETROLEUM MANAGEMENT, LLC,**
**RIMROCK RESOURCE OPERATING, LLC,**
**CONFLUENCE DJ, LLC**, and
**VALIDUS ENERGY II MIDCON, LLC**

Defendants.

---

**FINAL APPROVAL ORDER**

---

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 65) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 64) (together, the "Motions").[1]

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise set forth herein.

## BACKGROUND

Defendant Trinity Petroleum Management LLC provides accounting services to businesses in the oil and gas industry, including Defendants Rimrock Resource Operating LLC, Confluence DJ LLC, and Validus Energy II Midcon LLC. Plaintiffs and Settlement Class Members are oil and gas interest holders associated with companies that outsourced accounting services to Trinity.

On or about October 14, 2024, Trinity became aware that an unauthorized actor accessed certain files stored within its network that contained the personally identifiable information ("PII") of Plaintiffs and the Settlement Class. After an investigation, Trinity determined an unauthorized actor gained access to its computer systems between October 10, 2024, and October 14, 2024. The PII potentially accessed included names, addresses, and Social Security numbers. Trinity sent Notice Letters to potentially impacted individuals on or around February 13, 2025, and March 10, 2025.

After receiving Notice Letters, Plaintiffs filed separate putative class actions, which were consolidated into the above-captioned matter. On June 30, 2025, Plaintiffs Warner, Lacy, Langdon, Voss, and Putnam filed a Consolidated Class Action Complaint. The Consolidated Complaint added Todd Williford as a Plaintiff and Confluence and Validus as Defendants. The Consolidated Complaint asserted the following claims for relief: (1) negligence; (2) negligence per se; (3) breach of implied contract; (4) breach of third-party beneficiary contract; (5) unjust enrichment; (6)

declaratory judgment; and (7) negligent selection, hiring, or retention. Thereafter, Trinity and Rimrock filed Motions to Dismiss and the Parties scheduled a mediation and subsequently reached a settlement.

Plaintiffs then moved the Court under Fed. R. Civ. P. 23(e) for preliminary approval of a class action settlement which, if approved, would resolve the claims asserted by Plaintiffs and provide meaningful monetary and non-monetary relief to Settlement Class Members whose PII may have been compromised in a data breach. between them and Defendants.

After this Court granted Preliminary Approval, the Settlement Administrator, at the Parties' direction, disseminated Notice to the Settlement Class in accordance with the Preliminary Approval Order. Settlement Notice was provided to Settlement Class Members directly via U.S. Mail and reached approximately 95% of Settlement Class Members. The Settlement Administrator also established a Settlement Website where Settlement Class Members could view important deadlines and documents, as well as submit a Claim. Settlement Class Members were able to submit a claim, file an objection, or opt-out of the Settlement by mail or by filing through the Settlement Website.

The Opt-Out and Objection Periods ended on June 29, 2026. Three Settlement Class Members excluded themselves from the Settlement and there were no objections. Plaintiffs now seek final approval of the class action settlement and an award of fees, costs, and service awards.

## FINDINGS AND ORDERS

**WHEREAS**, on March 31, 2026, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") (ECF No. 63) which, among other things: (i) conditionally certified this matter as a class action for settlement purposes only, including defining the Settlement Class and class claims; (ii) appointed Plaintiffs as the Class Representatives and appointed Tyler J. Bean of Siri & Glimstad LLP, Marc H. Edelson of Edelson Lechtzin, LLP, and William B. Federman of Federman & Sherwood as Class Counsel; (iii) preliminarily approved the Settlement Agreement; (iv) approved the form and manner of Notice to the Settlement Class; (v) set deadlines for opt-outs and objections; (vi) approved and appointed the Settlement Administrator; and (vii) set the date for the Final Approval Hearing.

**WHEREAS**, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right to opt-out, and the right to object to the Settlement Agreement and to be heard at the Final Approval Hearing.

**WHEREAS**, on July 20, 2026, the Court held a Final Approval Hearing to determine, *inter alia*: (i) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (ii) whether judgment should be

entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representatives.

**WHEREAS**, the Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement.

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the proposed Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class; having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order; having heard the presentation of Class Counsel and counsel for Defendants; having reviewed all of the submissions presented with respect to the proposed Settlement Agreement; having determined that the Settlement Agreement is fair, adequate, and reasonable; having considered the Motions and having reviewed the materials in support thereof, and good cause appearing:

The Court **GRANTS** the Motions and **ORDERS** as follows:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint against Defendants for their alleged failure to implement or maintain adequate data security measures and safeguards to protect personally identifiable information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order only, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States who were notified by Trinity that their Private Information was potentially accessed and/or exfiltrated during the Data Security Incident impacting Trinity's computer systems between October 10, 2024, and October 14, 2024.

Excluded from the Settlement Class are: (i) all persons who are directors and officers of Defendants; (ii) governmental entities; and (iii) the Judge assigned to the present action, that Judge's immediate family, and Court staff.

5. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continuing the present action in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

6. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. Settlement Administration as outlined in the Settlement Agreement whereby Participating Settlement Class Members can submit claims that will be evaluated by a Settlement Administrator.

b. Payment of all costs of Settlement Administration by Trinity on behalf of Defendants.

c. Subject to the approval and award of the Court, payment by Trinity on behalf of Defendants of the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Awards to the Class Representatives.

7. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out Deadline, three potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit 1** to this Final Approval Order. Those persons are not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12. As of June 29, 2026, which is the deadline to object to the Settlement, the Court finds that no objections to the Settlement have been received to date.

13. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and the terms of the Settlement Agreement.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various participating Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Participating Settlement Class Members hereby fully and irrevocably release and forever discharge the Released Claims against the Released Parties, as defined in the Settlement Agreement.

18. The Court grants final approval of the appointment of Plaintiffs as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

19. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives—William D. Warner, Amber Lacy, Riley Langdon, Whitney Paige Putnam, Stephen Kyle Voss, and Todd Williford—in the amount of $2,500.00 each as a Service Award. Defendants shall make such payment in accordance with the terms of the Settlement Agreement.

20. The Court grants final approval to the appointment of Tyler J. Bean of Siri & Glimstad LLP, Marc H. Edelson of Edelson Lechtzin, LLP, and William B. Federman of Federman & Sherwood as Class Counsel. The Court concludes that

Class Counsel have adequately represented the Settlement Class and will continue to do so.

21. The Court, after careful review of the Motion for Attorneys' Fees, Costs, and Service Awards filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards and in the amount of $350,000.00. Payment shall be made pursuant to the terms of the Settlement Agreement. The Court confirms that the Settlement Administration Costs incurred are reasonable and necessary and are to be reimbursed as provided in the Settlement Agreement.

22. This Final Approval Order and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants' or of the validity or certifiability for Action of any claims that have been, or could have been, asserted in the lawsuit. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage;

provided, however, that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect on, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order.

23. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be

treated as vacated *nunc pro tunc*; and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines in the present action be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Trinity will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Settlement Administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the present action.

24. This Court shall retain and reserve jurisdiction over: (i) implementation of this Settlement; (ii) the present action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; (iii) all Parties, for the purpose of enforcing and administering the Settlement; and (iv) any purpose(s) necessary to protect its jurisdiction from any action, whether in state or federal court.

25. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

26. Upon the entry of this Final Approval Order, with the exception of the Parties' implementation of the Settlement and the approval process in this Action, all

Participating Settlement Class Members shall be enjoined and barred from asserting any claims or continuing any Action against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims.

27. This Order resolves all claims against all Parties in this action and is a final order.

28. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

DATED: July 21, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge

# Exhibit "1"

| Person ID | SIM ID | Response | First Name | Last Name |
|---|---|---|---|---|
| 220557809 | 29052 | Opt-Out | Koray A | Caglergin |
| 220562048 | 8274 | Opt-Out | Marsha K | Bukowski |
| 220552633 | 2831 | Opt-Out | Sharly A | Schaffer |